JUDGE RAKOFF

13 CIV 7013

COURTESY COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVORAH CRUPAR-WEINMANN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) |
| Plaintiff, | ) Case No. _____ ) ) CLASS ACTION COMPLAINT ) |
| v. | ) ) |
| PARIS BAGUETTE AMERICA, INC. d/b/a PARIS BAGUETTE, | ) JURY TRIAL DEMANDED ) ) |
| Defendant. | ) |



Plaintiff, Devorah Crupar-Weinmann, by her attorneys, states as follows for her Class Action Complaint against Defendant Paris Baguette America, Inc. d/b/a Paris Baguette ("Defendant" or "Paris Baguette"):

## NATURE OF THE CASE

1. This is a class action based upon Defendant's violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq., as amended.* FACTA is designed to protect credit and debit cardholders from identity theft and fraud. The statute prohibits merchants who accept credit cards or debit cards from issuing electronically-generated receipts that display the expiration date or that display more than the last five digits of the card number, thus limiting an identity thief's ability to obtain the consumer's account information, among other things.

2. Defendant has violated FACTA repeatedly by printing the expiration date on the sales receipts.

3. Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs, and attorneys fees, all of which are made expressly available by statute, 15 U.S.C. §1681, *et seq.*

## BACKGROUND

4. FACTA, 15 U.S.C. §1681c(g)(1), states, in relevant part:

> (g) Truncation of credit card and debit card numbers
>
> (1) ... **[N]o person** that accepts credit cards or debit cards for the transaction of business **shall print** more than the last 5 digits of the card number or **the expiration date** upon any receipt provided to the cardholder at the point of sale or transaction. (Emphasis added.)

5. FACTA gave merchants who accepted credit cards or debit cards up to three years to comply with its requirements, requiring full compliance no later than December 4, 2006. Pursuant to an amendment, 15 U.S.C. §1681n(d), full compliance with the "expiration date" component of FACTA was extended to June 3, 2008.

6. The purpose of this "truncation requirement" is to prevent identity theft.

7. Identity thieves commonly obtain credit card or debit card receipts that are lost or discarded, or through theft, and use the information to engage in unauthorized credit or debit transactions.

8. The expiration date is almost always necessary for misuse of a credit card or debit card.

9. Also, sophisticated identity thieves can find a credit card or debit card number using the expiration date and the last five digits of the card number, or more easily obtain sufficient information to use another's credit card or debit card.

10. By failing to take the simple steps necessary to comply with FACTA, Defendant has deprived consumers of the protections that the statute was designed to confer, and exposes cardholders to increased risk of identity theft.

11. Defendant's conduct was willful, knowing or reckless, and Defendant failed, and continues to fail, to protect Plaintiff, and all others similarly situated, against identity theft and credit card and debit card fraud by issuing electronically printed receipts displaying the entire expiration dates of its customers' credit and debit cards.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. §1681p, which provides that "An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ."

13. Venue in this district is proper pursuant to 28 U.S.C. §1391 because Defendant transacts business in this District.

## PARTIES

14. Plaintiff, Devorah Crupar-Weinmann, on September 19, 2013, purchased food items at Defendant's midtown Manhattan location, paid for the items with a credit card, received an electronically printed receipt displaying the expiration date, and was damaged thereby.

15. Defendant Paris Baguette America, Inc. d/b/a Paris Baguette is a New Jersey corporation authorized to transact business within the State of New York. Defendant owns and operates one restaurant in this District, as well as 4 others in the State of New York. Defendant also owns and operates at least 15 other retail stores throughout the United States, including the states of California, New Jersey and Pennsylvania.

16. At all relevant times, Defendant was a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## CLASS ALLEGATIONS

17. This action is brought on behalf of Plaintiff individually and as a class action on behalf of all persons or entities to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a sale or transaction occurring after June 3, 2008, which receipt displayed the expiration date of the customer's credit card or debit card. Excluded from the Class are the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.

18. Because Defendant has numerous restaurants that serve hundreds, if not thousands, of meals, joinder of all individual members would be impracticable. While the exact number of Class members can only be determined by appropriate discovery, Plaintiff believes there are thousands of members of the Class. Members of the Class may be identified from records maintained by Defendant and its credit card processing company and may be notified of the pendency of this action by United States mail.

19. Plaintiff's claims are typical of the claims of the other members of the Class, as all members of the Class are similarly affected by Defendant's wrongful conduct in violation of federal law that is complained of herein.

20. There are common questions of law and fact affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

> (a) Whether Defendant had a practice of issuing and providing customers with electronically printed receipts which show the expiration date;

(b) Whether Defendant's conduct was willful, knowing or reckless; and

(c) Whether Plaintiff and the other members of the class are entitled to statutory damages, punitive damages, costs, or attorneys fees for Defendant's acts and conduct.

21. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of other class members. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FACTS

### FACTA

23. In 2003, FACTA was enacted in an effort to prevent identity theft and credit card fraud. The statute makes it more difficult for identity thieves to obtain consumers' credit and debit card information by reducing the amount of information identity thieves could retrieve from found or stolen credit or debit card receipts.

24. 15 U.S.C. §1681c(g)(1) provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

25. There was, however, confusion as to whether a violation required printing both more than the last five digits and the expiration date, or if printing either violated the statute.

26. In order to resolve the confusion, Congress unanimously passed, and the President signed, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification"), 15 U.S.C. §1681n(d).

27. The Clarification recognized the confusion and stated that any merchant that had complied with the truncation requirement for credit card numbers on receipts, but left the expiration date on the receipt, would be in good faith compliance with the law. Further, the Clarification was retroactive and affected cases pending at the time, excusing prior noncompliance with Section 1681c(g).

28. The Clarification made clear, however, that going forward, noncompliance would be actionable. Pursuant to 15 U.S.C. §1681n(d), full compliance with the "expiration date" component of FACTA was extended to June 3, 2008.

29. FACTA details the civil liability for willful noncompliance:

§1681n.  Civil liability for willful noncompliance

(a) In general, any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

(A) Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

\*     \*     \*

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of this action together with reasonable attorneys fees as determined by the court …

**Defendant's Violation Was Willful**

30. In response to the passage of FACTA and the Clarification, businesses nationwide changed their debit and credit card processing machines so that the prohibited information would not be printed on receipts.

31. VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, American Express, and JCB – companies that sell cash registers and other devices for the processing of credit card and debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition of the printing of expiration dates, and Defendant's need to comply with same.

32. FACTA requirements were also widely publicized among retailers.

33. In addition, the card issuing organizations required compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the August 12, 2006, edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa-branded credit and debit cards, expressly requires that "only the last 4 digits of an account number should be printed on the customer's copy of the receipt" and the "expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required compliance by July 1, 2006, five months ahead of the statutory deadline.

34. Defendant's knowledge of the FACTA requirements is also evidenced by its change to the credit and debit card receipts to remove all but the last three digits of the card number.

7

## COUNT I

## **VIOLATION OF FACTA**

35. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

36. Defendant accepts credit cards and debit cards in the course of transacting business with persons such as Plaintiff and the other class members. In transacting such business, Defendant uses cash registers or other machines or devices that print receipts electronically for credit card and debit card transactions.

37. After June 3, 2008, the deadline for compliance as extended by the Clarification, Defendant, at the point of sale or transaction, provided Plaintiff and the other class members with electronically printed receipts, each of which included the credit or debit card expiration date.

38. Defendant knew of the truncation requirement and prohibition of the printing of expiration dates or was reckless by not knowing about the requirement and the prohibition, in light of the information readily available to it.

39. Defendant accepts Discover, American Express, Visa and MasterCard branded credit and debit cards and, therefore, is a party to a contract requiring compliance with the foregoing requirements.

40. Defendant's use of software, devices and machines that print receipts in violation of FACTA was willful, knowing or reckless.

**WHEREFORE**, Plaintiff requests the Court to enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

a. Statutory damages of $100 to $1,000 per violation;

b. Attorneys fees, litigation expenses, and costs;

c. Such other and further relief as the Court may deem proper, including punitive damages.

Dated: New York, New York
October 2, 2013

**FRANK & BIANCO LLP**

By: _____
Marvin L. Frank (MF1436)
Bridget V. Hamill (BH0207)
275 Madison Avenue, Suite 801
New York, New York 10016
(212) 682-1818 Telephone
(212) 682-1892 Facsimile
mfrank@frankandbianco.com
bhamill@frankandbianco.com

**NABLI & ASSOCIATES, P.C.**
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 808-0716 Telephone
(212) 808-0719 Facsimile
Khaled (Jim) El Nabli Jim_ElNabli@NabliLaw.com
Joseph H. Lilly JoeLilly@att.net
Alan J. Harris AlanHarrisEsq@aol.com
Peter Y. Lee Peter.Lee@LeeAdvocates.com

*Counsel for Plaintiff and the Class*