UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVORAH CRUPAR-WEINMANN,

                    Plaintiff,

      -against-

PARIS BAGUETTE AMERICA, INC.
d/b/a PARIS BAGUETTE,

                    Defendant.

Civil Action No.:  13-cv-7013-JSR

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ....................................................................................................................... 3

I.    LEGAL STANDARD ON A MOTION TO DISMISS ..................................................... 3

II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED .............................................. 4

    A.    Plaintiff Fails To Plead Actual Injury .................................................................... 4

    B.    Plaintiff's "Willfulness" Allegations Fail As A Matter Of Law ............................ 5

    C.    Plaintiff Fails To Plead Facts Sufficient To Support Her Claim Against
        Paris Baguette ........................................................................................................ 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Aliano v. Texas Roadhouse Holdings LLC,
  No. 07-C-4108, 2008 U.S. Dist. LEXIS 104428 (N.D. Ill. Dec. 23, 2008)...........................4, 5

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).................................................................................................................3, 7

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
  493 F.3d 87 (2d Cir. 2007)..........................................................................................................4

Garber v. Legg Mason, Inc.,
  537 F. Supp. 2d 597 (S.D.N.Y. 2008), aff'd, 347 Fed. Appx. 665 (2d Cir. 2009) ....................3

Komorowski v. All-American Indoor Sports, Inc.,
  No. 13-2177, 2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013) ................................5, 8

Long v. Tommy Hilfiger U.S.A., Inc.,
  671 F.3d 371 (3d Cir. 2012).........................................................................................................8

Miller-Huggins v. SpaClinic, LLC,
  No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010)....................4, 6, 7, 8

Ogbon v. Beneficial Credit Servs.,
  No. 10-CV-3760, 2011 U.S. Dist. LEXIS 11615 (S.D.N.Y. Feb. 1, 2011)...............................4

Rosenthal v. Longchamp Coral Gables LLC,
  603 F. Supp. 2d 1359 (S.D. Fla. 2009) ...................................................................................7, 8

Seo v. CC CJV American Holdings, Inc.,
  No. CV-11-05031, 2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011)................5, 7, 8

Zaun v. Tuttle, Inc.,
  No. 10-2191, 2011 U.S. Dist LEXIS 47916 (D. Minn. May 4, 2011).......................................8

STATUTES

15 U.S.C. § 1681 et seq.......................................................................................................1, 4, 5

Pub. L. 110-241, § 2(a)(7) ...............................................................................................................3

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6).................................................................................................................1, 5

Kristin Shepard, Diane Duhaime, and Scott Byers,
Trends in Federal Privacy Class-Action Settlements, A.B.A Class Actions &
Derivative Suits E-Newsletter, Sept. 8, 2011 ........................................................................3

Defendant Paris Baguette America, Inc. ("Paris Baguette") respectfully submits this Memorandum of Law in support of Paris Baguette's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Paris Baguette is a wholly-owned subsidiary of a Korean bakery chain with twelve stores operating on the East Court of the United States. The Company's first stores opened in New York City in 2008.

This purported class action seeks damages for the allegedly "willful" violation by Paris Baguette of the Fair and Accurate Credit Transactions Act ("FACTA") of 2003. FACTA amended the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"), et seq. as amended. FACTA requires businesses who accept credit cards to redact all but the last four digits of customers' credit card numbers, and to redact the expiration date of the credit cards, on customers' receipts. See 15 U.S.C. § 1681c(g). Congress' purpose in enacting the law was to prevent identity theft using information on discarded credit card receipts.

FACTA distinguishes between: (i) "negligent" non-compliance; and (ii) "willful" violations. Damages for negligent non-compliance are limited to the reimbursement of actual injuries suffered by the customer (e.g., if the customer's discarded credit card receipt is found and used by an identity thief to buy merchandise online). See 15 U.S.C. § 1681o(a). Damages for "willful" violation of FACTA, on the other hand, are severe; the statute imposes a $100 to $1,000 fine for each non-compliant receipt. See 15 U.S.C. § 1681n(a).

The Complaint does not allege that the named Plaintiff suffered actual injury. Rather, the named Plaintiff, and her contingent, class action lawyers, allege that Paris Baguette "willfully violated" FACTA, and that Paris Baguette should be subject to massive fines (yielding millions of dollars in attorneys' fees) under the law. Yet the Plaintiff has literally no basis – other than

pure speculation – for this grave allegation.

The "willfulness" section of Plaintiff's complaint consists of five paragraphs. See Compl. ¶¶ 30-34. Paragraphs 30-33 reiterate the history of Congress' passage of FACTA and state that the law received attention from credit card companies and retailers. Paragraph 34 is the only paragraph that purports to plead facts relating to Paris Baguette, and it utterly fails to plead "willfulness," as a matter of law. Paragraph 34 states that Paris Baguette correctly redacted the Plaintiff's credit card number on her receipt but incorrectly left the expiration date un-redacted. The Complaint then alleges, based only on these facts, that Paris Baguette's claimed violation of FACTA – i.e., the failure to redact the expiration date of the Plaintiff's credit card – must necessarily have been "willful." Plaintiff's leap is based on flawed logic. Partial compliance with a statute is not ipso facto evidence of "willfulness" with respect to alleged non-compliance. Federal courts have consistently rejected FACTA complaints pleading willfulness on this basis. See Pt. II.B., below.

The Complaint is fatally defective for another reason as well: it pleads literally no facts that would support a FACTA claim against all of Paris Baguette's stores. The Complaint's only factual allegations are: (i) on September 23, 2013, Plaintiff made a purchase at Paris Baguette's "midtown Manhattan" store; and (ii) the Plaintiff was given a receipt that did not properly redact the expiration date of her credit card. See Compl. ¶ 14. The Complaint does not anywhere allege – even upon information and belief – that any of Paris Baguette's twelve other locations, are or ever were, printing non-FACTA-compliant receipts. Yet Plaintiff purports to implicate all of Paris Baguette's stores in her claim.

The lack of meaningful factual allegations in the Complaint is not accidental; the named Plaintiff has no factual information to plead. Yet they have filed a complaint that attempts to

2

make out a claim for broad class action liability, and for the "willful" violation of a federal statute. Paris Baguette respectfully submits that it should not be forced to undergo a protracted litigation – which would include recreating millions of credit card transactions, over a multi-year period, at an expense of hundreds of thousands, if not millions, of dollars – in response to a Complaint that is a transparent attempt to reap a windfall of attorneys' fees based on nothing more than a guess.[1]

## ARGUMENT

Plaintiff's Complaint should be dismissed because it does not plead that the Plaintiff suffered actual injury, and the Plaintiff's allegations of "willfulness" fail as a matter of law.

### I.
### Legal Standard On A Motion To Dismiss

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff: (1) may not rely on "bald contentions, unsupported characterizations, and legal conclusions," Garber v. Legg Mason, Inc., 537 F. Supp. 2d 597, 610 (S.D.N.Y. 2008), aff'd, 347 Fed. Appx. 665 (2d Cir. 2009), and (2) must provide the grounds upon which its claim rests through factual allegations sufficient "to

---

[1] In enacting the FRCA of 2008, Congress explicitly recognized that class action lawsuits like the present case impose "a significant burden on the hundreds of companies that have been sued." Pub. L. 110-241, § 2(a)(7). The cases provide no meaningful relief for plaintiffs, who commonly receive coupons in settlement of their claims, while their counsel reap millions in attorney's fees. See Kristin Shepard, Diane Duhaime, and Scott Byers, Trends in Federal Privacy Class-Action Settlements, A.B.A Class Actions & Derivative Suits E-Newsletter, Sept. 8, 2011. http://apps.americanbar.org/litigation/committees/classactions/articles/summer2011-trends-federal-privacy-class-action-settlements.html. It is not a coincidence that the same lawyers who are serving as counsel to Plaintiff in this case filed a second FACTA class action on October 10, 2013, against Wolgang's Steakhouse, Inc., which is physically situated a few blocks from Paris Baguette's 32nd Street & Fifth Avenue location.

3

raise a right to relief above the speculative level," ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

In FACTA cases, courts have held that a Plaintiff must "provide the factual grounds of his entitlement to relief, and a 'formulaic recitation' of the elements of a claim will not do." Miller-Huggins v. SpaClinic, LLC, No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418, at *2 (N.D. Ill. Mar. 11, 2010); see also Ogbon v. Beneficial Credit Servs., No. 10-CV-3760, 2011 U.S. Dist. LEXIS 11615, at *9 (S.D.N.Y. Feb. 1, 2011) (dismissing FCRA complaint because "Plaintiff asserts that Defendants acted willfully, but alleges no facts that, if true, would demonstrate that the FCRA was violated willfully ....").

## II.
## Plaintiff's Complaint Should Be Dismissed

The Complaint fails because: (i) Plaintiff does not plead actual injury; (ii) Plaintiff's "willfulness" allegations are insufficient as a matter of law; and (iii) Plaintiff's factual allegation, at least with respect to Paris Baguette stores other than the unspecified "midtown Manhattan" location, consists of pure speculation.

### A.    Plaintiff Fails To Plead Actual Injury

Plaintiff does not seek actual damages in her prayer for relief. See Compl., p.9. Nor does she allege that she suffered any actual injury. Plaintiff's claim of injury, to the extent she makes one, consists of the conclusory statement that she "was damaged." Compl. ¶ 14. Under established FACTA precedent, this conclusory allegation is insufficient to plead actual injury. See Aliano v. Texas Roadhouse Holdings LLC, No. 07-C-4108, 2008 U.S. Dist. LEXIS 104428, at *9 (N.D. Ill. Dec. 23, 2008) ("the notion of 'actual damages' must include some disclosure of private information or some sort of 'negative action' against the plaintiff"), quoting Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37 (E.D.N.Y. 2005). In Aliano, the court found

4

that plaintiff's only allegation of "actual damages" for defendant's alleged FACTA violation was his "having to pay money 'out-of-pocket' for credit monitoring services." Id. at *7. Holding that "such an allegation is insufficient to state a cause of action under 15 U.S.C. § 1681c(g)(1)," the Court dismissed plaintiff's FACTA claim pursuant to Fed. R. Civ. P. 12(b)(6). Id. at *12; accord Seo v. CC CJV American Holdings, Inc., No. CV-11-05031, 2011 U.S. Dist. LEXIS 120246, at *6 (C.D. Cal. Oct. 18, 2011) (dismissing FACTA claim because Plaintiff "ha[d] not alleged that he suffered any actual damages…beyond the bare assertion that 'actual damages are present and quantifiable.'"). The four words in Plaintiff's complaint – "and was damaged thereby" – are not sufficient to plead a claim for actual damages.

**B.    Plaintiff's "Willfulness" Allegations Fail As A Matter Of Law**

In the absence of actual injury, Plaintiff pleads that Paris Baguette should be subject to statutory fines of $100 to $1000 per each "willful" violation. Willful violations of FACTA are knowing or reckless violations. See Komorowski v. All-American Indoor Sports, Inc., No. 13-2177, 2013 U.S. Dist. LEXIS 125747, *2 (D. Kan. Sept. 4, 2013). "'The term willful means an omission or failure to do an act … voluntarily and knowingly with a purpose [to] disobey or disregard of the law, or with reckless disregard of a known statutory duty under the Fair Credit Reporting Act.'" Id. (emphasis supplied) (citing Price v. Trans Union, 839 F. Supp. 2d 785, 808 (E.D. Pa. 2012)).

The Complaint's attempt to demonstrate "willfulness" consists of a recitation of the history of FACTA's enactment, general statements about the credit card industry's awareness of the law and the assertion that the law received publicity. See Compl. ¶¶ 30-33. The Complaint also alleges that Paris Baguette's partial compliance with the law is ipso facto evidence that its alleged failure to properly redact the Plaintiff's expiration date demonstrates purposeful

disobedience of the law. See Compl. ¶ 34. Courts have consistently found such allegations to be insufficient, as a matter of law, to state a claim for a "willful" violation of FACTA.

The "willfulness" allegations in the Miller-Huggins case, above, paralleled the allegations in this Complaint almost verbatim. See Miller-Huggins at *3-4. The facts are also virtually identical. In Miller-Huggins, the Plaintiff, like the Plaintiff here, brought a FACTA action against a retailer based on a credit card receipt that did not redact the expiration date of her credit card. See id. at *1. Like the Plaintiff here, Miller-Huggins alleged that the violation was "willful," but did no more than recite facts relating to the enactment and publication of the law. [2] See id. at *3-4.

---

[2] In her complaint, Miller alleged the following facts in a section titled "Defendant's Conduct Was Willful":

17.   FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006. Additionally, FACTA was amended effective June 3, 2008 to give merchants an additional opportunity to comply with the expiration date requirements of FACTA.

18.   Defendant knew or should have known of the truncation requirement; the requirement was widely publicized among retailers.

19.   Upon information and belief, credit card issuing organizations required compliance with FACTA by contract, in advance of the Act's mandatory compliance date.

20.   Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

21.   Defendant willfully disregarded the mandates of FACTA and continued to use cash registers or other machines or devices that print receipts in violation of the Act.

Miller-Huggins at *3-4.

The Defendant, SpaClinic, moved to dismiss the Complaint on the ground that the

Plaintiff's willfulness allegations were deficient as a matter of law.  The Court agreed and

dismissed the Complaint.  Relying on Iqbal, the Court held, "plaintiff must plead factual content

that allows us to draw the reasonable inference that SpaClinic knowingly or recklessly printed

the expiration date on her receipt" to survive the motion to dismiss the complaint.  Id. at *5.[3]

The court explained: "Plaintiff alleges that FACTA's requirements were well-publicized and that

credit card companies required compliance with the statute, but these allegations are not specific

to the defendant."  Id. at *6.  The court found that the Plaintiff's allegations were "conclusory"

and dismissed the complaint.  Id.

In the Seo case, cited above, the Plaintiff likewise brought a purported class action

complaint against a retailer ("CJV") for issuing a credit card receipt that did not redact the

expiration date.  The court granted CJV's motion to dismiss, finding that "Plaintiff's allegations

with respect to CJV's knowledge of, and disregard for, FACTA's provisions center on CJV's

membership in the National Association of Theater Owners…[which] communicates legal news

to its members" and that one of these communications "describe[d] the impact of FACTA on the

movie theater industry."  Seo at *3-4. The court stated:

> The fact that information about FACTA was available to CJV does
> nothing to support Defendant's naked assertion that CJV was notified of
> FACTA's provisions and knowingly ignored them.     Plaintiff has,
> therefore, failed to adequately plead a willful violation of FACTA.

Seo at *5.  Accord Rosenthal v. Longchamp Coral Gables LLC, 603 F. Supp. 2d 1359, 1362

(S.D. Fla. 2009) (dismissing plaintiff's complaint for a "willful" FACTA violation because the

fact "[t]hat the Defendant acted more than 'negligen[tly] but less than knowledge [*sic.*] of the

---

[3] The Miller-Huggins Court distinguished certain FACTA cases cited by the Plaintiff cited
because "they predated Iqbal."  Miller-Huggins at *6.

law's requirements' is not established by the mere fact that FACTA's requirements were well-publicized in the media and contained in Defendant's credit card agreements"); Komorowski, at *8-9 (dismissing FACTA complaint for failure to allege willfulness as a matter of law).

In arriving at its conclusion to dismiss the Plaintiff's complaint, the Komorowski court compared the Miller-Huggins case (above) to the decision in Zaun v. Tuttle, Inc., No. 10-2191, 2011 U.S. Dist LEXIS 47916 (D. Minn. May 4, 2011), in which the Court denied defendant's motion to dismiss. By contrast to cases like Miller-Huggins, Seo, Rosenthal, and the present case, the plaintiff's "willfulness" claim in Zaun was supported by specific factual allegations. In Zaun, the plaintiff had specifically alleged that: (i) the defendant received information regarding FACTA; (ii) the defendant employed a third party FACTA compliance manager; and (iii) the defendant subsequently canceled its contract with the compliance manager when the manager recommended that expensive or inconvenient equipment changes would be necessary to comply with FACTA. See Komorowski at *6 (citing Zaun at *5-6).

As stated above, there are no such allegations in the Complaint here. The only paragraph that purports to plead any facts specific to Paris Baguette is Paragraph 34. There, Plaintiff claims that Paris Baguette's alleged violation was done "knowingly" because Paris Baguette took the steps to "change … the credit and debit card receipts to remove all but the last three digits of the card number." Compl. ¶ 34. In other words, Plaintiff claims that Paris Baguette's partial compliance (i.e., in redacting Plaintiff's credit card number) is proof of Paris Baguette's willful non-compliance with respect to the un-redacted expiration date. This flawed "rationale" has been expressly rejected by courts. See Long v. Tommy Hilfiger U.S.A., Inc., 671 F.3d 371 (3d Cir. 2012) (affirming trial court's dismissal of plaintiff's FACTA complaint where defendant allegedly redacted only part of the expiration date from the credit card receipt, rather than the

entire expiration date). Paris Baguette respectfully submits that the Complaint be dismissed on this basis alone.

## C.    Plaintiff Fails To Plead Facts Sufficient To Support Her Claim Against Paris Baguette

Plaintiff's claim is also deficient because the only factual allegation relates to a single transaction at Paris Baguette's "midtown Manhattan location."  See Compl. ¶ 14.  This single allegation does not support Plaintiff's claim that "Defendant has violated FACTA repeatedly," id. ¶ 2 (emphasis added), or that "Defendant failed, and continues to fail, to protect Plaintiff…against identify theft and credit card and debit card fraud…."  Id. ¶ 11 (emphasis added).  Plaintiff's Complaint seeks to implicate all Paris Baguette stores without ever alleging that any of Paris Baguette's other locations violated FACTA, even upon information and belief. Paris Baguette respectfully submits that the Complaint is factually insufficient to support a purported class action claim and should be dismissed.

9

## CONCLUSION

Based upon all of the foregoing, Paris Baguette respectfully requests that its Motion to Dismiss be granted in all respects and that the Complaint be dismissed with prejudice in its entirety.

Dated: November 18, 2013
      New York, New York

<div style="margin-left:40%;">

TROUTMAN SANDERS LLP

By:_____

    Joshua A. Berman
    Eric L. Unis
    Mary Jane Yoon
The Chrysler Building
405 Lexington Ave
New York, New York 10174-0700
Tel:  (212) 704-6000
Fax:  (212) 704-8382
*Attorneys for Defendant*

</div>