IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DEVORAH CRUPAR-WEINMANN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | Case No.: 13-cv-7013-JSR |
| Plaintiff, | ) ) ) | RULE 26(a)(1) INITIAL DISLOSURES |
| v. | ) ) | |
| PARIS BAGUETTE AMERICA, INC. d/b/a PARIS BAGUETTE, | ) ) ) | |
| Defendant. | ) | |

Plaintiff, Devorah Crupar-Weinmann, by her attorneys, hereby provides the following initial disclosures in compliance with Fed. R. Civ. P. 26(a)(1).

1. All disclosures herein are made without waiving or intending to waive, but on the contrary preserving and intending to preserve:

    a. All objections as to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other action, and any objections that may assert that documents or other materials are protected from discovery by reason of the attorney-client privilege and/or attorney work-product doctrine, or other privileges, or are protected from discovery because they reflect the impressions, conclusions, opinions, legal research, or theories of Plaintiff's attorneys;

    b. The right to object on any grounds at any time to the use of any of these disclosures or documents and information obtained as a result of these disclosures, or the subject matter thereof, in any subsequent proceeding for the trial of this or any other action;

      c.      The right to object on any grounds at any time to a demand for further disclosures or to other discovery proceedings involving or relating to the subject matter of these disclosures; and

      d.      The right, at any time, to revise, correct, supplement, clarify, and/or amend the disclosures set forth herein.  The following disclosures are based on the information that is currently available to Plaintiff.  Plaintiff reserves the right to amend or supplement its disclosures to reflect the information she may acquire during discovery in this action.

2.      Plaintiff disclaims the need to supplement these disclosures beyond the requirements set forth in the Federal Rules of Civil Procedure.

3.      Plaintiff reserves the right to rely upon the individuals identified in these disclosures for subjects other than those identified herein for any reason, including, but not limited to, responding to Defendant's disclosures, discovery requests, evidence, and testimony.

4.      Plaintiff reserves the right to rely upon individuals not identified in this disclosure statement whose identities and knowledge become known to Plaintiff after the date of this disclosure.

### I.    POTENTIAL WITNESSES [Fed. R. Civ. P. 26(a)(1)(A)]

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), the following individuals are likely to have discoverable information that Plaintiff may use to support her claims:

1.      Devorah Crupar-Weinmann (Plaintiff): Plaintiff will testify regarding her experience with the credit card transactions at issue, including her personal allegations in the Class Action Complaint (Dkt. No. 1) ("Complaint").  Plaintiff should be contacted only through Plaintiff's Counsel.

2.	Plaintiff does not presently know the identities of the remaining persons who had involvement with the actions giving rise to Plaintiff's claims or who have knowledge of discoverable facts, because most of them are employees and/or affiliates of Defendant (including predecessors, parents, subsidiaries, and other affiliates) or of third-parties, such as companies that sell cash registers and other devices for the processing of credit card and debit card payments, and/or credit card-issuing companies.  Such persons, presently unknown to Plaintiff, should be identifiable by Defendant.

## II.   DOCUMENTS [Fed. R. Civ. P. 26(a)(1)(B)]

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the following documents and items in Plaintiff's possession may be used to support her claims:

1.	To the extent retained by Plaintiff, records, including, but not limited to, purchase receipts, from Defendant, related to the allegations in the Complaint.  All such documents in Plaintiff's possession, custody, or control will be gathered and proffered on Plaintiff's behalf by Plaintiff's Counsel.

2.	The remaining documents relevant to Plaintiff's claims are in the possession, custody, or control of Defendant and/or non-parties from whom discovery has not yet been obtained.  Plaintiff reserves the right to supplement these disclosures as her investigation continues.

## III.   DAMAGES [Fed. R. Civ. P. 26(a)(1)(C)]

Plaintiff, on behalf of herself and the other Class members, intends to seek statutory damages and other damage awards pursuant to applicable laws, such as punitive and/or attorneys' fees, and costs in accordance with their claims.  Because discovery has not yet commenced, Plaintiff does not have sufficient information to compute damages at this time.

## IV.  INSURANCE AGREEMENT(S) [Fed. R. Civ. P. 26(a)(1)(D)]

Plaintiff has no insurance applicable to her claims.

Dated: New York, New York
November 25, 2013

**FRANK & BIANCO LLP**

By: __/s/ Marvin L. Frank__
Marvin L. Frank (MF1436)
Bridget V. Hamill (BH0207)
275 Madison Avenue, Suite 801
New York, New York 10016
(212) 682-1818 Telephone
(212) 682-1892 Facsimile
mfrank@frankandbianco.com
bhamill@frankandbianco.com

**NABLI & ASSOCIATES, P.C.**
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 808-0716 Telephone
(212) 808-0719 Facsimile
Khaled (Jim) El Nabli Jim_ElNabli@NabliLaw.com
Joseph H. Lilly JoeLilly@att.net
Alan J. Harris AlanHarrisEsq@aol.com
Peter Y. Lee Peter.Lee@LeeAdvocates.com

*Counsel for Plaintiff and the Class*