IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DEVORAH CRUPAR-WEINMANN,
Individually and on behalf of All Others
Similarly Situated,

    Plaintiff,

v.

PARIS BAGUETTE AMERICA, INC. d/b/a
PARIS BAGUETTE,

    Defendant.

Case No. 1:13-cv-07013-JSR

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

---

**FRANK & BIANCO LLP**
275 MADISON AVENUE, SUITE 801
NEW YORK, NEW YORK 10016
(212) 682-1818 TELEPHONE
(212) 682-1892 FACSIMILE

**NABLI & ASSOCIATES, P.C.**
60 EAST 42ND STREET, SUITE 1101
NEW YORK, NEW YORK 10165
(212) 808-0716 TELEPHONE
(212) 808-0719 FACSIMILE

*Counsel for Plaintiff and the Class*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

III. LEGAL STANDARD ........................................................................................ 2

IV. DEFENDANT ACTED WILLFULLY ............................................................. 3

    a. The FACTA Legal Standard ........................................................................ 3

    b. Defendant's Conduct Was Objectively Unreasonable ................................. 4

    b. The Facts Alleged Support A Finding Of Willfulness ................................ 5

V. PLAINTIFF PLEADS FACTS SUFFICIENT TO SUPPORT HER CLAIM
AGAINST PARIS BAGUETTE ........................................................................ 10

VI. DEFENDANT'S MISCELLANEOUS ARGUMENTS ARE WITHOUT MERIT ....... 11

VII. CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

Cases

*Aliano v. Texas Roadhouse Holdings LLC*,
  No. 07-C-4108, 2008 U.S. Dist. LEXIS 104428 (N.D. Ill. December 23, 2008) .................... 11

*Arcilla v. Adidas Promotional Retail Operations, Inc.*,
  488 F. Supp. 2d 965 (C.D. Cal. 2007) .................................................................................... 5

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ...................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 2

*Buechler v. Keyco, Inc.*,
  No. WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197 (D. Md. April 22, 2010) ................. 4, 5, 10

*Dover v. Shoe Show, Inc.*,
  No. 12-694, 2013 U.S. Dist. LEXIS 59418 (W.D. Pa. March 19, 2013) .............................. 6, 7

*Follman v. Hospitality Plus of Carpentersville, Inc.*,
  532 F. Supp. 2d 960 (N.D. Ill. 2007) ...................................................................................... 5

*Katz v. ABP Corp.*,
  No. 12-CV-4173 (ENV), 2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. June 4, 2013) ................. 8

*Komorowski v. All-American Indoor Sports, Inc.*,
  No. 13-2177, 2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013) ................................ 8, 9

*Korman v. Walking Co.*,
  503 F. Supp. 2d 755 (E.D. Pa. 2007) ...................................................................................... 5

*Kubas v. Standard Packing Corp.*,
  594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009) ...................................................................... 5, 10

*In re Parmalat Securities Litigation*,
  501 F.Supp.2d 560 (S.D.N.Y. 2007) ....................................................................................... 2

*In re TJX Companies, Inc., FACTA Litig.*,
  No. 07-md-1853 (KHV), 2008 U.S. Dist. LEXIS 38258, *6-7 (D. Kan. May 8, 2008) ......... 11

*Levy ex rel. ImmunoGen Inc. v. Southbrook Intl. Invs., Ltd.*,
   263 F.3d 10 (2d Cir. 2001) ..................................................................................2

*Long v. Tommy Hilfiger U.S.A., Inc.*,
   671 F.3d 371 (3d Cir. 2012) ..............................................................................6, 7

*Miller-Huggins v. SpaClinic, LLC*,
   No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill. March 11, 2010) ......9, 10

*Ramirez v. MGM Mirage, Inc.*,
   524 F. Supp. 2d 1226 (D. Nev. 2007)..................................................................5

*Ramirez v. Midwest Airlines, Inc.*,
   537 F. Supp. 2d 1161 (D. Kan. 2008)..................................................................5

*Rosenthal v. Longchamp Coral Gables LLC*,
   603 F. Supp. 2d 1359 (S.D. Fla. 2009) ...........................................................9, 10

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) ........................................................................................*passim*

*Seo v. CC CJV American Holdings, Inc.*, No. CV 11-05031 DDP (MRWx),
   2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011)...............................9, 10

*Singleton v. Domino's Pizza*, LLC,
   No. DKC 11-1823, 2012 U.S. Dist. LEXIS 8626, at *18 n.11 (D. Md. Jan. 25, 2012)..........10

*Skinner v. Switzer*,
   131 S.Ct. 1289 (2011).........................................................................................2

*Troy v. Home Run Inn, Inc.*,
   No. 07 C 4331, 2008 U.S. Dist. LEXIS 30038 (N.D. Ill. April 14, 2008) .........4, 11

*Van Straaten v. Shell Oil Products Co. LLC*,
   678 F.3d 486 (7th Cir. 2012)................................................................................3

Rules and Statutes

15 U.S.C. §1681 *et seq.* ............................................................................1-5, 9, 11

Other Authorities

Fed. R. Civ. P. 8(a)(2) ................................................................................................8

Fed. R. Civ. P. 12(b)(6) ....................................................................................1, 2, 12

Plaintiff Devorah Crupar-Weinmann ("Plaintiff"), by and through her undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant Paris Baguette America, Inc.'s ("Paris Baguette" or "Defendant") Motion to Dismiss Plaintiff's Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

## I.  INTRODUCTION

In her Complaint, Plaintiff alleges that Defendant violated the Fair and Accurate Credit Transaction Act ("FACTA") amendment, 15 U.S.C. § 1681c(g), to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, when it provided Plaintiff a credit card receipt at the point of sale that contained the full expiration date of Plaintiff's credit card.  *See* Complaint ("Compl."), ¶ 14.

Defendant's primary argument is that Plaintiff did not allege enough facts to show that Defendant acted willfully when it provided the noncompliant receipt to Plaintiff to plausibly suggest that Defendant had the requisite state of mind. Defendant's motion should be denied because it fails to recognize the two distinct, statutorily defined bases for stating a claim for willfulness, which includes not only knowing violations, but also includes reckless violations. Plaintiff has stated facts showing that Defendant acted recklessly under the required objective standard. In addition, Plaintiff stated facts that plausibly suggest Defendant violated the statute knowingly as well. Therefore, Defendant's motion should be denied.

## II.  BACKGROUND

This action arises under a 2003 amendment to the Fair Credit Reporting Act, enacted in response to the rampant and ever-increasing problem of identity theft. For instance, the amendment—FACTA—entitles consumers to a free credit report every year (to monitor any fraudulent activity) and, in that regard, safeguards the manner in which retail establishments and

merchants, such as Defendant, handle their customers' credit and debit card information and issue them their receipts. Among other things, FACTA prohibits merchants from issuing any receipts that display the expiration date of any credit or debit card used to pay for goods or services. The consequences of doing so are straightforward and retailer liability thereunder is based on **either** the retailer's "negligent" noncompliance (15 U.S.C. §1681o) **or** "willful" noncompliance (15 U.S.C. §1681n). Plaintiff brings this action under the latter by virtue of expiration date-displaying receipts issued by Defendant to its many customers over the course of many years at its 30 stores in four states.

## III.   LEGAL STANDARD

A complaint should be dismissed only if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint need not "pin plaintiff's claim for relief to a precise legal theory" nor provide "an exposition of his legal argument." *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011)(citation omitted). The focus should properly be on the facts pled. Accordingly, in deciding such a motion, the trial court "ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor." *In re Parmalat Securities Litigation*, 501 F. Supp. 2d 560, 572 (S.D.N.Y. 2007) (*citing Levy ex rel. ImmunoGen Inc. v. Southbrook Intl. Invs., Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001)). So long as a plaintiff provides the "grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'," dismissal under Fed. R. Civ. P. 12(b)(6) is improper. *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

IV. **DEFENDANT ACTED WILLFULLY**

   a. **The FACTA Legal Standard**

FACTA prohibits merchants from printing the credit or debit card's expiration date on a receipt provided at the point of sale or transaction. 15 U.S.C. § 1681c(g)(1). The relief available for a violation of this section depends on whether the merchant's failure to comply is negligent **or** willful. If the failure to comply is negligent, a plaintiff may recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a). If the failure is willful, a plaintiff is entitled to actual damages or "[statutory] damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a).

Here, Plaintiff seeks statutory damages, and therefore must allege that Defendant's violation of FACTA was willful. Plaintiff does not claim that Defendant's act was negligent. The Supreme Court has held that a defendant's conduct must be measured objectively. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007); *see also Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486 (7th Cir. 2012).

In *Safeco*, the Supreme Court found that willful violations of FCRA, of which FACTA is a part, include "not only knowing violations of [the statute] but also reckless ones." *Id.* at 57. The Court looked to the common law definition of recklessness as conduct involving "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 69. The Court explained that unlike criminal recklessness, which requires subjective knowledge, civil recklessness is "objectively assessed." *Id.* at 68-69 & n.18. Thus, the Court held that a company subject to FCRA acts in reckless disregard of the statute if its conduct "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

Accordingly, to state a claim that Defendant acted recklessly, Plaintiff must allege that printing the expiration date of Plaintiff's credit card on a receipt at the point of sale was "a violation under a reasonable reading of the statute's terms" and "shows that [Defendant] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *See id.* Therefore, conduct that violates FCRA under an "objectively unreasonable" reading of the statute is a "reckless," and therefore "willful," violation. *Id.* Defendant's actual subjective knowledge of the statute, or that it was in violation of the statute, is not relevant. *See id.* at 68-69 & n.18.

### b. Defendant's Conduct Was Objectively Unreasonable

In *Safeco*, the Court interpreted a provision of FCRA requiring notice to a consumer subjected to "adverse action . . . based in whole or in part on any information contained in a consumer credit report." 15 U.S.C. § 1681m(a). The Court determined that while Safeco had violated the notice provision, its conduct was not reckless because it was based on a reasonable reading of a "less-than-pellucid statutory text" for which there was not authoritative guidance from the courts of appeal or the FTC. *Id.* at 69-70.

Here, the provision at issue is clear and unambiguous, expressly providing that "no person that accepts credit cards or debit cards for the transaction of business shall print . . . the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." § 1681c(g). Courts interpreting FACTA have widely held that this admonition is unambiguous. *See, e.g., Buechler v. Keyco, Inc.*, No. WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197, at *8 (D. Md. April 22, 2010) (FACTA is "unambiguous."); *Troy v. Home Run Inn, Inc.*, No. 07 C 4331, No. 07 C 4331, 2008 U.S. Dist. LEXIS 30038, at *3 (N.D. Ill. April 14, 2008) ("[U]nlike the statutory provision at issue in *Safeco*, the text of section 1681c(g) is

4

unambiguous."); *Ramirez v. Midwest Airlines, Inc.*, 537 F. Supp. 2d 1161, 1172 (D. Kan. 2008) ("[The statute] could not be more clear in requiring merchants to omit . . . the expiration date."); *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 970 (C.D. Cal. 2007) ("[Section] 1681c(g) . . . [has] only one reasonable meaning . . . a retailer must print no more than 5 digits of a card number, and also must omit the expiration date – doing either violates the statute"); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960 (N.D. Ill. 2007) ("The plain meaning of the statute is that no merchant may print more than the last five digits of the card number, nor may they print the expiration date of the card on the receipt."); *Kubas v. Standard Packing Corp.*, 594 F. Supp. 2d 1029, 1032 (N.D. Ill. 2009); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226 (D. Nev. 2007).

As alleged, Plaintiff paid Defendant with a credit card and received a receipt at the point of sale from Defendant that had the expiration date printed on it.[1] Here, Defendant does not argue that printing the expiration date of Plaintiff's credit card on her receipt is permissible under FACTA. Nor does Defendant contend that it acted pursuant to an erroneous but objectively reasonable interpretation of the statute and that, therefore, its conduct was merely negligent. In fact, Defendant's conduct has no defense in the statutory text. *See Buechler*, 2010 U.S. Dist. LEXIS 40197, at *10 (finding that printing expiration dates on receipts was objectively unreasonable under FACTA and therefore plaintiff successfully alleged willfulness).

### c. The Facts Alleged Support A Finding Of Willfulness

Defendant argues "general statements about the credit card industry's awareness of the

---

[1] Plaintiff has provided Defendant with a copy of that receipt.

law and the assertion that the law received publicity" in the Complaint fail to support a finding of willfulness. Defendant's position, however, is unsupportable as the Complaint goes well beyond the "general statements" Defendant dismisses out of hand. The Complaint contains allegations that plausibly suggest that Defendant knew about FACTA's requirements and violated them anyway. In particular, the Complaint contains allegations that Defendant was informed of FACTA's requirements by specific provisions of its contracts with card issuing organizations such as Visa, MasterCard, Discover, and American Express, all of which require compliance with FACTA by contracts to which Defendant agreed. Compl. ¶¶ 31, 33, 39. Plaintiff further alleges that Defendant's knowledge of FACTA's requirements is evidenced by its change to the credit card receipt, in order to truncate all but the last three digits of the credit card number from receipts, as FACTA requires. *Id.* at ¶ 34.[2]

Confusingly, Defendant tries to use its deliberate truncation of all but the last three digits of Plaintiff's credit card number, Compl. ¶ 34, as a basis for dismissing Plaintiff's Complaint. Defendant's flawed rationale, however, recently was expressly rejected by the court in *Dover v. Shoe Show, Inc.*, No. 12-694, 2013 U.S. Dist. LEXIS 59418 (W.D. Pa. March 19, 2013) (*adopted by* 2013 U.S. Dist. LEXIS 58101 (W.D. Pa. April 23, 2013). In its decision denying the defendant's motion to dismiss, the court cited *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371 (3d Cir. 2012), in setting forth the standard that a willful violation of FACTA must be "either knowing or reckless, and without justification in a reasonable interpretation of the statute." 2013 U.S. Dist. LEXIS 59418, at *6 (citing *Long*, 671 F.3d 271 at 376). In a footnote, the court then distinguished the facts in *Long* from the facts at issue in *Dover*:

---

[2] In addition, in response to the filing of the Complaint, Defendant's insurance carrier mailed to Plaintiff's attorney an unsolicited letter declining coverage of the action. Among the reasons cited was that the insurance policy contained a specific provision excluding coverage for violations of FACTA.

6

> In *Long*, the United States Court of Appeals for the Third Circuit affirmed the dismissal of a complaint where the defendant printed only the credit card expiration month, but omitted the expiration year. The Court of Appeals concluded that the defendant's interpretation of the statute was not "objectively unreasonable," and, thus, that the Complaint failed to state a claim for a willful violation of FACTA. The Court of Appeals noted that the phrase "expiration date" was undefined and there was no guidance from federal courts of appeal on the issue of a partially truncated expiration date. Id. *Here, Defendant is alleged to have printed the entire expiration date and as such, Defendant does not contend that dismissal is warranted on grounds of an "objectively reasonable" interpretation of the statute.*

*Id.*, at *7-8 n.1 (emphasis added) (Citing Long, 671 F.3d at 376). As in *Dover*, Defendant does not–and cannot–contend that its interpretation of the statute is "objectively reasonable."

Moreover, Plaintiff's allegations plausibly suggest not only that Defendant knew about FACTA's requirements, but that it knew it was not in compliance when it provided receipts to Plaintiff and members of the class containing the credit or debit card's expiration date. In *Dover*, the plaintiff's complaint included allegations "concerning the publicity directed at merchants prior to and surrounding the 2003 passage of FACTA," coupled with allegations that the defendant "was made aware of its compliance obligations by VISA manuals and guidelines, specifically requiring the elimination of the expiration date after July 1, 2006," and allegations of "publicity and guidance from credit card processors." 2013 U.S. Dist. LEXIS 59418, at *7. The Court found the allegations sufficient "to place a sophisticated retailer with over 1,000 stores on notice of its obligations under FACTA." *Id.* The court added that "[f]inally, the Complaint alleges that nearly a decade after the passage of FACTA, despite being aware of FACTA's requirements, Defendant has not complied with the clear requirement to remove the expiration date from consumer receipts," and found that in light of the plaintiff's contentions, the complaint sufficiently alleged that the defendant's violation of FACTA was either knowing or reckless. *Id.*, at *8.

In order to properly state a "willful" FACTA claim upon which relief can be granted, the Eastern District of New York recently held, a plaintiff need only allege that the defendant issued a "receipt to him in connection with a consumer credit transaction—and that the receipt contained personal credit card identifiers prohibited by FACTA." *Katz v. ABP Corp.*, No. 12-CV-4173 (ENV), 2013 U.S. Dist. LEXIS 78476, at *7-8 (E.D.N.Y. June 4, 2013), (*citing Safeco, supra*). Next, the plaintiff must allege the "receipt was issued from a cash register exclusively maintained, programmed, and operated by or solely at the request of" the defendant. *Id.* (permitting such circumstances to be inferred from plaintiff's allegations, thus presuming that the defendant "either intended, or recklessly permitted, such identifying information to appear on the receipt"). Under *Safeco*, the *Katz* court further noted, a complaint alleging such facts, along with the reasonable inferences they permit, provides the reckless or intentional "states of mind" supporting a "willful violation" of FACTA and otherwise satisfies the "plausibility requirement of Fed. R. Civ. P. 8(a)(2)." *Id.* (denying defendant's motion claiming that "plaintiff did not include enough facts in his amended complaint to plausibly suggest that [defendant] had a willful state of mind").

The *Katz* court pointed out that "[t]he *Safeco* Court, more importantly, held that 'willful' noncompliance with FCRA includes both knowing and **reckless** noncompliance." 2013 U.S. Dist. LEXIS 78478, at *6 (citing *Safeco*, 551 U.S. at 52) (emphasis in original). Even under Defendant's misinterpretation of the pleading requirements for recklessness, Plaintiff's allegations suggest that Defendant recklessly disregarded its statutory obligations.

Defendant relies on a few cases dismissing FACTA complaints for failing to allege facts showing the defendant's violation was willful. These cases are, however, easily distinguishable. For example, Defendant relies on *Komorowski v. All-American Indoor Sports, Inc.*, No. 13-2177,

8

2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013), where the Court found that the allegations of willfulness were "based **solely** on the fact that during the three year phase-in period for the relevant FACTA requirement, there was extensive publicity regarding those requirements." *Id.*, at *5 (emphasis added). Defendant also relies on *Seo v. CC CJV American Holdings, Inc.*, No. CV 11-05031 DDP (MRWx), 2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011), cited by the *Komorowski* court, noting that the plaintiff there "alleged only that information about FACTA was available to defendant, [and therefore] did not support plaintiff's assertion that defendant knowingly ignored FACTA's provisions." 2013 U.S. Dist. LEXIS 125747, at *7 (citing *Seo*, 2011 U.S. Dist. LEXIS 120246, at *7).

Further, Defendant cites *Miller-Huggins v. SpaClinic, LLC*, No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill. March 11, 2010) and *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359 (S.D. Fla. 2009), in support of its argument. In *Miller-Huggins*, the court dismissed the complaint based on plaintiff's failure to allege "that the defendants had been informed of FACTA's requirements." 2010 U.S. Dist. LEXIS 23418, at *6. Defendant argues that the allegations in the Plaintiff's Complaint, like the allegations in the *Miller-Huggins* complaint, merely recite facts regarding the enactment and publication of FACTA. However, Plaintiff's Complaint alleges facts that specifically suggest Defendant was informed of FACTA's requirements, such as its contracts with Visa, MasterCard, Discover, and American Express and Defendant's truncation of Plaintiff's account number on her receipt. Compl. ¶¶ 31, 33, 34, 39. *Rosenthal* is distinguishable from this case because the court relied on the "Clarification Act," 15 U.S.C. § 1681n(d), in finding allegations that the defendant knew of FACTA's requirements, but failed to comply with them, insufficient to demonstrate willfulness reaching this conclusion. 603 F. Supp. 2d at 1361-62. Congress enacted the Clarification Act to make clear that a merchant's

9

failure to comply with certain FACTA requirements shortly after FACTA's enactment could not, on its own, demonstrate willful noncompliance. The violation alleged herein took place well after FACTA's enactment.[3] *See Singleton v. Domino's Pizza*, LLC, No. DKC 11-1823, 2012 U.S. Dist. LEXIS 8626, at *18 n.11 (D. Md. Jan. 25, 2012) ("[i]n all other non-Clarification Act cases [other than *Rosenthal*] involving allegations that a defendant knew of the FCRA's requirements and failed to comply with them, courts have found such allegations sufficient to infer willfulness at the motion to dismiss stage.").

## V. PLAINTIFF PLEADS FACTS SUFFICIENT TO SUPPORT HER CLAIM AGAINST PARIS BAGUETTE

Complaints similar to Plaintiff's have withstood motions to dismiss. *See, e.g., Buechler*, 2010 U.S. Dist. LEXIS 40197, at *8 (denying motion to dismiss for failure to allege a willful violation where defendant issued a noncompliant receipt "despite the well-publicized enactment of FACTA provision in 2003; FTC guidance; and the 2007 Clarification Act (which required expiration date truncation); similar requirements in the private sector; and FACTA compliance by its competitors"); *Kubas*, 594 F. Supp. 2d 1029, 1031-32 (Where the amended complaint

---

[3] *Safeco* not only requires a court to analyze whether a defendant's conduct violates FACTA under a reasonable reading of the statute, but also whether the conduct shows that the defendant's risk of violating the law was "substantially greater than the risk associated with a reading that was merely careless." *Safeco*, 551 U.S. at 69. Defendant relies on several cases dismissing FACTA complaints for failing to allege facts showing the defendant's subjectively reckless state of mind. Notwithstanding the factual differences in the allegations of the complaints at issue in the cases discussed above, the cited decisions also misapply *Safeco*. For example, in *Seo*, the court acknowledged that willfulness under FACTA includes both knowing and reckless violations of the statute, but failed to analyze each concept individually. Instead, the court concluded that the plaintiff failed to establish that the defendant knew about FACTA's requirements. 2011 WL 4946507, at *2. The court did not consider whether the defendant's conduct was in accordance with an objectively reasonable interpretation of FACTA. Similarly, the courts in *Miller-Huggins* and *Rosenthal* failed to even consider whether the defendant's alleged FACTA violations were unreasonable pursuant to the statute's requirements using an objective standard.

alleged that (1) FACTA was enacted in 2003 and gave merchants three years within which to comply; (2) Defendants knew about the requirement because card issuers informed them and required compliance with the statute in their contracts with merchants before the mandatory compliance date; and (3) most of Defendants' peers brought their processes into compliance with FACTA but Defendants failed to comply, the allegations, and references arising therefrom, adequately state a willful violation of the statute ); *In re TJX Companies, Inc. FACTA Litig.*, 2008 U.S. Dist. LEXIS 38258, at *6-7 (D. Kan. 2008) (same); *Troy*, 2008 U.S. Dist. LEXIS 30038, at *6 (N.D. Ill. April 14, 2008) (allegations that defendant had three years to comply with FACTA's requirements after the statute was enacted; credit card issuers like VISA, MasterCard, Discover, and American Express informed defendant of FACTA's requirements and required compliance via contract; the statute's requirements were widely publicized among retailers; and most of defendant's business peers and competitors brought their credit card receipts into compliance with FACTA stated a claim for willful violation).

## VI.   DEFENDANT'S MISCELLANEOUS ARGUMENTS ARE WITHOUT MERIT

Somewhat puzzlingly, Defendant devotes a section of its argument to the lack of allegations of actual damages in the Complaint, citing *Aliano v. Texas Roadhouse Holdings LLC*, No. 07-C-4108, 2008 U.S. Dist. LEXIS 104428, at *9 (N.D. Ill. Dec. 23, 2008). There, unlike in the instant action, the plaintiff affirmatively sought "actual damages" in his amended complaint, alleging "negligent noncompliance" with FACTA, 15 U.S.C. § 1681o. Here, plaintiff seeks statutory damages, specifically recognized and permitted by FACTA for willful violations of the statute. 15 U.S.C. § 1681n. As discussed herein, the Complaint successfully pleads a willful violation.

Defendant also argues, with no legal support, that the Complaint somehow falls short under Rule 12(b)(6) because Plaintiff's allegations relate only to a single transaction at its midtown Manhattan location. However, Defendant fails to claim or show that Plaintiff's non-compliant receipt is an isolated incident. Even had Defendant been able to do so, which it could not, it would have presented a factual argument inappropriate for a motion to dismiss.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss Plaintiff's Complaint be denied. In the event that the Court dismisses the action in whole or in part, Plaintiff respectfully requests leave to amend its Complaint.

Dated: New York, New York
December 6, 2013

          Respectfully submitted,

          **FRANK & BIANCO LLP**

          By: /s/ Marvin L. Frank
          Marvin L. Frank (MF1436)
          Bridget V. Hamill (BH0207)
          275 Madison Avenue, Suite 801
          New York, New York 10016
          (212) 682-1818 Telephone
          (212) 682-1892 Facsimile
          mfrank@frankandbianco.com
          bhamill@frankandbianco.com

          **NABLI & ASSOCIATES, P.C.**
          60 East 42nd Street, Suite 1101
          New York, New York 10165
          (212) 808-0716 Telephone
          (212) 808-0719 Facsimile
          Khaled (Jim) El Nabli Jim_ElNabli@NabliLaw.com
          Joseph H. Lilly JoeLilly@att.net
          Alan J. Harris AlanHarrisEsq@aol.com
          Peter Y. Lee Peter.Lee@LeeAdvocates.com

## CERTIFICATE OF SERVICE

I, Bridget V. Hamill, hereby certify that on December 6, 2013, I caused a true and correct copy of the attached PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT to be served electronically on all counsel registered for electronic service in this case.

/s/ Bridget V. Hamill
Bridget V. Hamill