UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVORAH CRUPAR-WEINMANN,

                 Plaintiff,

    -against-

PARIS BAGUETTE AMERICA, INC.
d/b/a PARIS BAGUETTE,

                 Defendant.

Civil Action No.: 13-cv-7013-JSR

## DEFENDANT PARIS BAGUETTE'S
## REPLY MEMORANDUM OF LAW

TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendant*

## TABLE OF CONTENTS

                                                                         **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.      PLAINTIFF HAS FAILED TO PLEAD A "RECKLESS" VIOLATION OF FACTA ............................................................................................................................. 2

II.     THE DECISIONS PLAINTIFF CITES TO OPPOSE DISMISSAL ARE NOT GOOD LAW ................................................................................................................. 5

III.    THE SAFECO AND KATZ DECISIONS, WHICH PLAINTIFF RELIES ON, SUPPORT DISMISSAL OF THE COMPLAINT ............................................................ 6

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................1, 4, 5

Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.,
    513 F. Supp. 2d 18 (S.D.N.Y. 2007).......................................................................................6

Buechler v. Keyco, Inc.,
    No. WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197 (D. Md. April 22, 2010)..........................5

Dover v. Shoe Show, Inc.,
    No. 2:12-CV-694, 2013 U.S. Dist. LEXIS 59418 (W.D. Pa. March 19, 2013) ...................6, 7

Gardner v. Appleton Baseball Club, Inc.,
    No. 09-CV-705, 2010 U.S. Dist. LEXIS 31653 (E.D. Wis. March 31, 2010) ..................3, 4, 5

Katz v. ABP Corp.,
    No. 12-CV-4173, 2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. June 4, 2013) .........................6, 7

Komorowski v. All-American Indoor Sports, Inc.,
    No. 13-2177, 2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013).........................1, 3, 4, 5

Kubas v. Standard Parking Corp.,
    594 F. Supp. 2d 1029 (N.D. Ill. 2009) .....................................................................................5

Miller-Huggins v. SpaClinic, LLC,
    No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010).....................1, 3, 4, 5

Rosenthal v. Longchamp Coral Gables LLC,
    603 F. Supp. 2d 1359 (S.D. Fla. 2009) ...................................................................................1

Safeco Ins. Co. of America v. Burr,
    551 U.S. 47 (2007)..............................................................................................................2, 4, 6

Seo v. CC CJV American Holdings, Inc.,
    No. CV-11-05031, 2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011).............1, 3, 4, 5

Zaun v. Tuttle, Inc.,
    2011 U.S. Dist. LEXIS 47916 (D.Minn. May 4, 2011)...........................................................5

**STATUTES**

15 U.S.C. § 1681n(a) ................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1

Op. Br., 5-9 ............................................................................................................................2

Restatement (Second) of Torts...............................................................................................6

Defendant Paris Baguette America, Inc. ("Paris Baguette") respectfully submits this Memorandum of Law in further support of Paris Baguette's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**PRELIMINARY STATEMENT**

The Plaintiff's claim in this putative class action is that Paris Baguette has "willfully" violated FACTA.  See Plaintiff's Reply Brief, p. 3-10 (the "Reply Br."). As set forth in Paris Baguette's Opening Brief (the "Op. Br."), Plaintiff has not pleaded facts that support her claim, and the Complaint fails as a matter of law.  See Op. Br., p. 5-10.

In her Reply Brief, the Plaintiff attempts to rescue her Complaint by:

1. Pleading new "facts" to supplement the Complaint (see Reply Br. at 2, 6);

2. Asserting that four dispositive federal precedents – the Komorowski, Miller-Huggins, Rosenthal and Seo cases – were incorrectly decided (see Reply Br. at 10);[1]

3. Incorrectly presenting FACTA cases decided before the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009) – namely, the Arcilla, Follman, Korman, In re TJX Cos., MGM, Midwest and Troy cases – as if they were good law, even though they have been explicitly considered and rejected by federal courts following Iqbal; and

---

[1] See Komorowski v. All-American Indoor Sports, Inc., No. 13-2177, 2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013), attached as Ex. B to Yoon Decl.; Miller-Huggins v. SpaClinic, LLC, No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010), attached as Ex. C to Yoon Decl.; Rosenthal v. Longchamp Coral Gables LLC, 603 F. Supp. 2d 1359 (S.D. Fla. 2009); and Seo v. CC CJV American Holdings, Inc., No. CV-11-05031, 2011 U.S. Dist. LEXIS 120246 (C.D. Cal. Oct. 18, 2011), attached as Ex. D to Yoon Decl.

   4.  Relying on a Supreme Court decision – <u>Safeco Ins. Co. of America v. Burr</u>, 551 U.S. 47 (2007) – which found that an alleged violation of the FCRA was <u>neither</u> reckless <u>nor</u> willful (<u>see</u> Reply Br. at 3-4, 8).

As set forth below, none of Plaintiff's efforts saves her Complaint.

## ARGUMENT

The "facts" in the Complaint relating to "willfulness" are set forth in 5 paragraphs. <u>See</u> Compl. ¶¶ 30-34; Op. Br., p. 5-9. The first four paragraphs recite the public record surrounding Congress' enactment of FACTA and allege nothing about Paris Baguette. <u>See</u> Op. Br. at 2. The fifth paragraph, ¶ 34, asserts that Paris Baguette's redaction of Ms. Crupar-Weinman's credit card number is <u>ipso facto</u> proof of its "willful" failure to properly redact the expiration date. As set forth in the Op. Br., Plaintiff's logic is flawed, and courts have routinely dismissed complaints that are virtually identical to the Plaintiff's Complaint. <u>See</u> Op. Br., 5-9 (citing <u>Komorowski</u>, at *2; <u>Miller-Huggins</u>, at *5-6; <u>Seo</u>, at *4-6; and <u>Rosenthal</u>, 603 F. Supp. 2d at 1362).

### I.
### Plaintiff Has Failed To Plead A "Reckless" Violation Of FACTA

To revive her claim, the Plaintiff argues in her Reply Brief that (1) "willful" violations of FACTA include "reckless" violations; and (2) the technical inconsistency of Paris Baguette's receipt with FACTA is, in and of itself, evidence of recklessness. Plaintiff's logic is flawed and inconsistent with FACTA on its face. FACTA explicitly delineates between negligent violations and willful violations. <u>See</u> 15 U.S.C. § 1681n(a). Paris Baguette acknowledges that willful

2

violations of FACTA include violations that are "reckless," although Plaintiff's emphasis on "recklessness" does nothing to save her Complaint from dismissal.[2]

In her Reply Brief, Plaintiff embraces the fact that her only allegation concerning Paris Baguette's "recklessness" is that Paris Baguette's receipt showed the expiration date of her credit card . See Reply Br. at 5.   Plaintiff contends, however, that Paris Baguette's technical non-compliance with a portion of FACTA is ipso facto evidence of Paris Baguette's "willfulness" with respect to that violation, even without a single other factual allegation.  This logic is circular and it is not the law.  See Gardner v. Appleton Baseball Club, Inc., No. 09-CV-705, 2010 U.S. Dist. LEXIS 31653 , at *14-17 (E.D. Wis. March 31, 2010); Komorowski, at *10; Miller-Huggins, at *5.  See also, Seo, at *3-5[3]

The plaintiff in the Gardner case made an argument identical to that which Ms. Crupar-Weinmann advances here.  The Court directly rejected it, stating:

> In essence, Plaintiff is suggesting that because most businesses know the law and follow it, the Defendant's failure to do so must have been willful.  But this is an allegation that could be leveled (and apparently is) in every FACTA case….
> These kinds of arguments are not particularized facts about the defendant's intent, but inferences of general applicability drawn from the Plaintiff's observations about life….  [T]hus in substance the complaint merely alleges that the Defendant violated the statute, and the violation itself is deemed sufficient evidence of willfulness.  Under Iqbal and Twombly, there has to be something more....
> Twombly and Iqbal teach that such cut-and-paste jobs are not a substitute for real

---

[2] Contrary to the Plaintiff's accusation, Paris Baguette stated in its Opening Brief that "Willful violations…are knowing or reckless violations."  Op. Br., p. 5.

[3] The complaint, plaintiff's brief in opposition to the defendant's motion to dismiss and the Court's order in Gardner are attached as Exs. B, C and D, respectively, to the Affirmation of Mary Jane Yoon, Esq. ("Yoon Aff").  The complaint, plaintiff's brief in opposition to the defendant's motion to dismiss and the Court's order in Miller-Huggins are attached as Exs. E, F and G, respectively, to the Yoon Aff.  The complaint, plaintiff's brief in opposition to the defendant's motion to dismiss and the Court's order in Komorowski are attached as Exs. H, I and J, respectively, to the Yoon Aff.  The complaint, plaintiff's brief in opposition to the defendant's motion to dismiss and the Court's order in Seo are attached as Exs. K, L and M respectively, to the Yoon Aff.

>facts that plausibly "show," under Rule 8, that the Plaintiff is entitled to relief.  In other words, because there is nothing in the complaint to distinguish the willfulness of this Defendant from any other imaginable defendant, the complaint fails to satisfy Rule 8.

Gardner, at *13-16 (emphasis in original).  Accord Komorowski, at *10 ("Plaintiff's argument that every violation of the statute would be willful simply because it was a violation…conflates the occurrence of the act with the mental state of the actor and…is not supportive of an inference or intent or recklessness.")(emphasis in original); Miller-Huggins, at *5 (Plaintiff's allegations "that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute…are not specific to the defendant.").  See also Op. Br. at 5-9.

The reasoning of Gardner, Komorowski, Seo and Miller-Huggins was sound.  It was based on the recognition that accepting the Plaintiff's logic would turn every incident of non-compliance with FACTA into an intentional violation – whether denominated as "reckless" or "willful" – and would thus write the category of "negligent" violations out of FACTA entirely.  See generally, Gardner, at *11-17.  That is inconsistent with the statute itself and with the applicable pleading standard – expressly cited by Gardner, Komorowski, Seo and Miller-Huggins – following Iqbal.[4]

Because the Plaintiff is unable to distinguish these decisions – each of which dismissed complaints virtually identical to the Complaint in this case – she resorts to arguing that the cases were wrongly decided because they "misappl[ied] Safeco."  See Reply Br., n. 3.  Plaintiff's argument is not supported by logic or by any legal authority.  The law, as articulated in decisions following Iqbal, requires dismissal of the Plaintiff's Complaint.

---

[4] Plaintiff gingerly attempts to support the deficiency in her Complaint on this point by arguing that the Complaint contains "allegations that plausibly suggest that Defendant knew about FACTA's requirements and violated them anyway."  Reply Br., at 6 (emphasis added).  Gardner, Komorowski, Seo and Miller-Huggins make clear that a "plausible suggestion" of recklessness does not arise from generalized facts about the enactment of FACTA and is not sufficient to overcome a motion to dismiss, following Iqbal.

## II.
## The Decisions Plaintiff Cites To Oppose Dismissal Are Not Good Law

The precedents Plaintiff relies on in her Reply Brief were decided before Iqbal. Like the Plaintiff here, the Plaintiffs in the Gardner, Komorowski, Seo, and Miller-Huggins cases cited those precedents, but each of the Courts considered and expressly rejected them.

- In Gardner, the Plaintiffs cited, in their brief opposing dismissal, each of Arcilla, Follman, Korman, In re TJX Cos., Ramirez v. Midwest; and Troy, which Ms. Crupar-Weinman has cited in her Reply Brief here. Judge Griesbach expressly rejected the application of these pre-Iqbal FACTA cases and dismissed the complaint. See Gardner, at *12; Yoon Aff. Ex. D.

- In Miller-Huggins, Judge Grady expressly rejected the Follman and Troy cases on the ground that they "predated Iqbal". Miller-Huggins, at *6; Yoon Aff. Ex. G;

- In Seo, Judge Pregerson likewise rejected the application of pre-Iqbal cases. See Seo, at *5 n.1 (distinguishing Zaun v. Tuttle, Inc., 2011 U.S. Dist. LEXIS 47916 (D.Minn. May 4, 2011), as "the only post-Iqbal case cited by Plaintiff); Yoon Aff. Ex. M.

- In Komorowski, Judge Crow specifically considered and rejected the application of the Troy and In re TJX Cos. Id. at *11; Yoon Aff. Ex. J.[5]

In an apparent effort to distinguish her Complaint from the post-Iqbal Complaints dismissed in Gardner, Komorowski, Seo, and Miller-Huggins, Plaintiff resorts to pleading new – and utterly incorrect – facts in her Reply Brief. For instance, although the Complaint is silent regarding the size and history of Paris Baguette's business, Plaintiff claims in her Reply Brief

---

[5] The only post-Iqbal decisions cited by Plaintiff that did not dismiss complaints are Kubas v. Standard Parking Corp., 594 F. Supp. 2d 1029 (N.D. Ill. 2009), and Buechler v. Keyco, Inc., No. WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197 (D. Md. April 22, 2010). Both were filed well before Iqbal, although the decisions were rendered shortly after. These precedents have since been considered and disavowed. See Komorowski, at *11.

that Paris Baguette "issued [receipts] to its many customers over the course of many years at its 30 stores in four states." Reply Br. at 2. That allegation is absent from the Complaint and Plaintiff is not entitled to supplement her complaint by pleading facts in a memorandum of law.[6] Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C., 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (plaintiff is not entitled to plead new facts in a memo of law simply because defendant pointed out that Plaintiff had not met its pleading burden).

## III.

### The Safeco and Katz Decisions, Which Plaintiff Relies On, Support Dismissal Of The Complaint

In her Reply Brief, Plaintiff relies heavily on the decisions in Safeco, Katz, and Dover. Each of these decisions contradicts the Plaintiff's arguments and supports dismissal of the Complaint.

In Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007), which Plaintiff cites throughout her Reply Brief, the Supreme Court considered a provision in the Fair Credit Reporting Act that "require[d] notice to any consumer subjected to adverse action based in whole or in part on any information contained in a consumer credit report." Safeco, at 52. That provision is not at issue in this litigation. Regardless, the Supreme Court actually held that the Defendant's technical noncompliance with the statute – by itself – did not suffice to allege a "reckless" violation of the FCRA. Id. at 69.[7]

---

[6] The allegation is also false. Paris Baguette has only twelve stores in 3 states. See Affidavit of Dylan Y. Ahn. Mr. Ahn's affidavit is submitted for the sole purpose of refuting the new allegations pleaded in Plaintiff's Reply Brief.

[7] In defining "recklessness," the Court relied on language from the Restatement (Second) of Torts: "The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is duty to the other to do ….." Safeco, at 69.

Katz v. ABP Corp., No. 12-CV-4173, 2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. June 4, 2013), was a FACTA case in which the defendant was publishing eight digits of customers' credit card numbers as well as the expiration date.  See Katz, at *2.  The Katz plaintiff's complaint specifically alleged that "the receipt was issued from a cash register exclusively maintained, programmed, and operated by or solely at the request of ABP."  Id. at *8.  That allegation is fatally absent from the Plaintiff's Complaint here.  And in dismissing the plaintiff's claim in Katz, Judge Vitaliano expressly stated that if the plaintiff had only alleged that "ABP issued a receipt to [the plaintiff] in connection with a consumer credit transaction – and that the receipt contained personal credit card identifiers prohibited by FACTA," "such facts alone, of course, would not suffice" to allege a "reckless" violation of FACTA.  Id. at *8.[8]

---

[8] Dover v. Shoe Show, Inc., No. 2:12-CV-694, 2013 U.S. Dist. LEXIS 59418 (W.D. Pa. March 19, 2013) is to the same effect.  There, the plaintiff specifically alleged that the defendant had been "routinely presenting" noncompliant receipts at 1,125 retail stores in 37 states.[8]  See Dover Compl. ¶¶ 11, 14.  The Plaintiff's Complaint here says nothing about Paris Baguette's "routine" practices.  It is predicated on a single transaction from a single unnamed "midtown Manhattan" store.  See Op. Br. at 9.

7

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the Op. Br., Paris Baguette respectfully requests that its Motion to Dismiss be granted and that the Complaint be dismissed with prejudice.

Dated: December 16, 2013
      New York, New York

                    TROUTMAN SANDERS LLP

By: /s/ Joshua A. Berman
     Joshua A. Berman
     Eric L. Unis
     Mary Jane Yoon
     The Chrysler Building
     405 Lexington Ave
     New York, New York 10174-0700
     Tel: (212) 704-6000
     Fax: (212) 704-8382

*Attorneys for Defendant,*
*Paris Baguette America, Inc.*