IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**DEVORAH CRUPAR-WEINMANN**,
Individually and on behalf of All Others
Similarly Situated,

        Plaintiff,

    v.

**PARIS BAGUETTE AMERICA, INC. d/b/a
PARIS BAGUETTE**,

        Defendant.

Case No. 1:13-cv-07013-JSR

ECF CASE

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 30, 2014 ORDER AND LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT

---

**FRANK & BIANCO LLP**
275 MADISON AVENUE, SUITE 705
NEW YORK, NEW YORK 10016
(212) 682-1818 TELEPHONE
(212) 682-1892 FACSIMILE

**NABLI & ASSOCIATES, P.C.**
60 EAST 42ND STREET, SUITE 1101
NEW YORK, NEW YORK 10165
(212) 808-0716 TELEPHONE
(212) 808-0719 FACSIMILE

*Counsel for Plaintiff and the Class*

*Of Counsel and On the Brief*

    Marvin L. Frank, Esq.
    Peter Y. Lee, Esq.

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

   I.   The Court Failed to Apply the Correct Standard on the Motion to Dismiss ...................... 2

      A.   The Court Misconstrued the Applicable Standard of Willfulness ................................. 3

      B.  Under the Correct Standard, The Complaint Properly Pleads Defendant's Willful Violation of FACTA ................................................................................................... 5

  II. Under the Proper Standard, Leave to Amend Should Have Been Granted. ........................... 6

      A.   Legal Standard For Leave To Amend ......................................................................... 6

      B.   Plaintiff Should Be Permitted To File the Proposed First Amended Complaint ............. 7

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Rules**

Fed. R. Civ. P. 15(a) ................................................................................................................ 6

Fed. R. Civ. P. 59(e) ................................................................................................................ 2

Local Civil Rule 6.3 of the United States District Court for
   The Southern District of New York.................................................................................... 2

**Statutes**

15 U.S.C. § 1681, *et seq.*.................................................................................................... 1, 6

**Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
   626 F.3d 699, 725 (2d Cir. 2010).......................................................................................... 6

*Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) ................................................................................ 2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ............................................................. 2

*Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993)). ................................................... 6

*Foman v. Davis*, 371 U.S. 178, 182 (1962)) ................................................................................. 7

*Hammer v. Sam's East, Inc.*,  --- F.3d ----, 2014 WL 2524534, at *7
   (8th Cir. June 5, 2014) ............................................................................................. 3, 4, 6, 7

*Hinds Cnty., Miss. v. Wachovia Bank N.A.,* 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010)............... 2

*In re Wachovia Equity Sec. Litig.,* 753 F. Supp. 2d 326, 347 (S.D.N.Y. 2011) ............................. 2

*Katz v. ABP Corp.*, No. 12-CV-4173 (ENV), 2013 U.S. Dist. LEXIS 78476

(E.D.N.Y. June 4, 2013) ........................................................................................................ 4

*Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 376 (3d Cir. 2012)............................................ 3, 4

*Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir 2002)) ......................................... 7

*Roman-Malone v. City of New York*, 11-Civ.-8560 (PAC),
   2013 U.S. Dist. LEXIS 104368, at *30 (S.D.N.Y. July 25, 2013) ........................................ 7

*Ruggers, Inc. v. U.S.,* 736 F. Supp. 2d 336, 339 (D. Mass. 2010)................................................ 2

*Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) .............................................................. 6

*Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007)........................................................ 3, 4, 5, 8

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ....................................................... 2

*Van Straaten v. Shell Oil Prods. Co. LLC*, 678 F.3d 486, 489 (7th Cir. 2012) ........................... 3, 4

*Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*,
   956 F.2d 1245, 1255 (2nd Cir. 1992)....................................................................................... 2

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e) and Rule 6.3 of the Local Civil Rules for the United States District Court for the Southern District of New York, Plaintiff Devorah Crupar-Weinmann ("Plaintiff") respectfully moves for reconsideration of the Memorandum Order of this Court dated June 30, 2014 (the "Order") granting the motion by Defendant Paris Baguette America, Inc. d/b/a Paris Baguette ("Defendant" or "Paris Baguette") to dismiss Plaintiff's complaint ("Complaint" or "Compl.").

## PRELIMINARY STATEMENT

Plaintiff respectfully submits that there was clear error in this Court's dismissal of this matter with prejudice for the following two reasons.

*First*, the Court misconstrued the pleading standard required to sufficiently state a claim that Defendant, Paris Baguette, Inc., "willfully" violated the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA")*, as amended*. Under FACTA, "willfullness" may be shown by demonstrating that the defendant acted with *either* knowledge or recklessness. This Court conflated a "reckless" violation of FACTA with a "knowing" violation of the statute, in spite of the well-settled, lesser showing of "recklessness" required.

*Second*, even assuming, *arguendo*, that the Complaint was insufficient to withstand a motion to dismiss—which it was not—the Court improperly dismissed the matter with prejudice, finding that the purported deficiencies in the Complaint could not be remedied by an amended pleading. This determination arose out of the same misapplication of the "recklessness" standard, and therefore was reached in error.

1

## ARGUMENT

Under Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) (recognizing motions to alter or amend judgments), reconsideration is warranted in circumstances where, as here, a plaintiff can "point to controlling decisions or data that the Court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). One of the "major grounds justifying reconsideration" is "the need to correct a clear error" in the Court's prior analysis *Hinds Cnty., Miss. v. Wachovia Bank N.A.,* 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010), *citing Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2nd Cir. 1992).

It is well-settled in all New York federal courts that dismissal of a complaint is never warranted if the allegations contained therein, assumed true for the purposes of a motion under Fed. R. Civ. P. 12(b)(6), "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009), *citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ruggers, Inc. v. U.S.,* 736 F. Supp. 2d 336, 339 (D. Mass. 2010). A claim is plausible on its face where "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct" and which supports the legal conclusions contained therein. *In re Wachovia Equity Sec. Litig.,* 753 F. Supp. 2d 326, 347 (S.D.N.Y. 2011) (quoting *Iqbal,* 556 U.S. at 678). Plaintiff's allegations, when assumed true and viewed under the correct standards in the context of FACTA, create reasonable inferences of Defendant's liability thereunder. As a result, the motion to dismiss should have been denied.

I. **The Court Failed to Apply the Correct Standard on the Motion to Dismiss**

The Court misconstrued the relevant standard for "willfulness" set forth in the Supreme Court's decision in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

A. **The Court Misconstrued the Applicable Standard of Willfulness**

While acknowledging that "willfulness, for purposes of FACTA, requires *either* a knowing or a reckless violation," this Honorable Court failed to acknowledge a critical point of *Safeco*, namely, that the standards for recklessness and knowledge are *different*. Order, p. 7 (emphasis supplied). *See Safeco*, 551 U.S. at 59 ("If, on the other hand, 'willfully' covers both knowing and reckless disregard of the law, knowing violations are sensibly understood as a more serious subcategory of willful ones, and both the preamble and the subsection have distinct jobs to do.")

Recklessness, in the civil context, is determined by reference to an objective standard. *Safeco*, 551 U.S. at 68-69 & n.18. Unlike the actual knowledge standard, a determination as to whether a defendant acted "recklessly" does not involve an inquiry into that defendant's subjective state of mind. *Id*. "Recklessness" is ordinarily defined as an "action entailing unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 69 (citations and internal quotations omitted; emphasis added). In *Safeco*, the Supreme Court held that conduct under the FCRA, of which FACTA is a part, will be considered "reckless" if a company "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. Thus, conduct will be deemed "reckless" and therefore "willful" under FACTA so long as the defendant's reading of the statute is "objectively unreasonable." *Van Straaten v. Shell Oil Prods. Co. LLC*, 678 F.3d 486, 489 (7th Cir. 2012), *citing Safeco*, 551 U.S. at 69; *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 376 (3d Cir. 2012), *citing Safeco*, 551 U.S. at 69; *Hammer v. Sam's East, Inc.*, --- F.3d ----, 2014 WL 2524534, at *7 (8th Cir. June 5, 2014).

Therefore, under the foregoing controlling standard, a plausible claim for willful

3

violation of FACTA requires no allegation that a defendant had actual subjective knowledge of its violation of FACTA, as this Court reasoned. Rather, a plaintiff need only plead facts sufficient from which one could plausibly infer that the defendant "should have known" that its conduct entailed an "unjustifiably high risk of harm." *Safeco*, 551 U.S. at 69. The burden falls upon the *defendant* to propound an objectively reasonable justification for its interpretation of the statute that permitted such conduct. The three Courts of Appeal agree[1]. The Defendant here merely claims that it was careless.

For example, in *Katz v. ABP Corp.*, No. 12-CV-4173 (ENV), 2013 U.S. Dist. LEXIS 78476 (E.D.N.Y. June 4, 2013), the Eastern District found a willful violation of FACTA where the plaintiff alleged that (1) a receipt was issued to him "in connection with a consumer credit transaction—and . . . the receipt contained personal credit card identifiers prohibited by FACTA" and (2) that the "receipt was issued from a cash register exclusively maintained, programmed, and operated by or solely at the request of" the defendant. 2013 U.S. Dist. LEXIS 78476, at *7-8 ("It is reasonable to infer on such allegations that … [the defendant] either intended, or recklessly permitted, such identifying information to appear on the receipt"). In reaching this conclusion, the Court stated that "*Safeco* teaches that either of these "states of mind"--reckless or intentional--can support a claim of willful violation of FACTA and that a complaint alleging such facts with the reasonable inferences they permit, satisfies the plausibility requirement of Rule 8(a)(2)." *Id*.

This Court failed to address the proper standard for "recklessness" set forth in *Safeco,* instead finding, in no uncertain terms, that a plaintiff must plead that "the defendant ' 'kn[e]w'

---

[1] Unlike in the instant case, the defendant-appellees/defendant-appellants in the cases cited each proffered a reading of FACTA that each Court of Appeals considered and found objectively reasonable. *Van Straaten*, 678 F.3d at 489; *Long*, 671 F.3d at 375-377; *Sam's East*, 2014 U.S. App. LEXIS, at *21-23. Here, the Defendant merely claims that it was careless.

that its conduct violated the [relevant statute].' " Order at 7; *see also Safeco*, 551 U.S. at 69.  In fact, the Court's entire analysis as to whether Plaintiff sufficiently pled that Defendant acted with "recklessness," is contained in footnote 2 of the Opinion, wherein the Court improperly imputed in this civil action the more stringent "recklessness" standard from criminal matters.  Order at 10-11, n.2.  By doing so, the Court, again, erroneously found that plaintiff had to plead facts to show willful noncompliance with FACTA, that, if true, would demonstrate defendant's *subjective recklessness*.  *Id.* ("there is no suggestion at all in the Complaint that defendant consciously included the expiration date on its receipts, much less did so on an unreasonably mistaken belief that the statute did not require removal of those dates").

 Plaintiff respectfully reminds the Court that the foregoing is not the correct standard.  By relying upon a willfulness standard requiring actual, subjective knowledge, the Court not only overlooked the controlling "recklessness" standard under *Safeco* but also, inevitably, imposed on Plaintiff greater, more stringent pleading requirements than warranted under prevailing law.  Accordingly, the decision was reached in clear error.

> B. **Under the Correct Standard, The Complaint Properly Pleads Defendant's Willful Violation of FACTA**

Applying the correct standard, Plaintiff pled sufficient facts to plausibly allege that Defendant's conduct was, at a minimum, reckless, and therefore, willful.  Plaintiff pled sufficient facts to show that Defendant's conduct involved "unjustifiably high risk of harm that is either known or so obvious that it should be known," using an objective standard. *See Safeco*, 551 U.S. at 69.  Here, the FACTA provision at issue was clear and unambiguous, expressly prohibiting the printing of "the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." § 1681c(g).

Defendant presents *no argument whatsoever to show that it misread the standard in an objectively reasonable manner.* Rather, Defendant's conduct, as alleged, sufficiently shows that Defendant not only knew of the FACTA requirements (Order at 9), but also disregarded them, thereby exposing Plaintiff and similarly-situated customers to the risks and dangers which FACTA is specifically intended to avert. In sum, Defendant's alleged conduct plausibly states a claim that it acted in a manner creating an "unjustifiably high risk of harm" because its noncompliance with the statute is so obvious that Defendant, at a minimum, should have known of the violation. The pleading, therefore, as a whole, demonstrates that Defendant's action was "not only a violation under a reasonable reading of the statute's terms, but . . .[also] that [defendant] ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," and was therefore, willful. *Sam's East*, 2014 WL 2524534, at *7.

**II. <u>Under the Proper Standard, Leave to Amend Should Have Been Granted.</u>**

    **A. Legal Standard For Leave To Amend**

Under Fed. R. Civ. P. 15(a), "leave [to amend] shall be freely given when justice so requires," even after entry of judgment. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). "'The Rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non[-]movant of prejudice or bad faith.'" *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "Leave to amend should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Roman-Malone v. City of New York*, 11-Civ.-8560 (PAC), 2013 U.S. Dist. LEXIS 104368, at *30 (S.D.N.Y. July 25, 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**B.  Plaintiff Should Be Permitted To File the Proposed First Amended Complaint**

Even assuming, *arguendo*, that the allegations of the Complaint were insufficient to withstand a motion to dismiss—which they were not—the Court erred in dismissing the claim with prejudice.  The Court should have granted Plaintiff leave to amend the Complaint.

The Court dismissed the claims with prejudice finding that "any attempt by plaintiff to replead her Complaint would be futile."  Order at 11 (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir 2002)).  Plaintiff respectfully disagrees.

Under the correct standard, an amendment would cure any deficiency in the Complaint.  Attached hereto as Exhibit A is a proposed First Amended Complaint (the "FAC"), which includes the additional allegations demonstrating that Defendant knew or should have known that it "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *Sam's East*, 2014 WL 2524534,  at *7.  In addition, the FAC contains additional factual allegations explaining that because Defendant ignored only part of the FACTA statute, its noncompliance with the balance of the statute was so obvious that it should have been known to Defendant.  For example, the FAC pleads as follows:

> 63. The entire FACTA prohibition consists of only 44 words and is pellucid.  Of those 45 words, Paris Baguette complied with all but a middle four words—"or the expiration date."
>
> 64. Paris Baguette's complying with the first 26 words and the last 5 words, while printing the expiration date—the middle four words—was objectively unreasonable.

As these additional allegations demonstrate, Defendant's failure to suppress the expiration date was reckless because it was an action entailing "an unjustifiably high risk of harm that is either known **or so obvious that it should have been known**."  *Safeco*, 551 U.S. at 69.

Because any defects in the Complaint were easily remediable under the proper standard, the Court's decision to deny Plaintiff leave to amend was reached in clear error.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion for reconsideration of this Court's June 30, 2014 Order.

DATED: July 14, 2014                               Respectfully submitted,

**NABLI & ASSOCIATES, P.C.**

By /s/ Khaled El Nabli_____
Khaled (Jim) El Nabli
Joseph H. Lilly
Alan J. Harris
Peter Y. Lee
60 East 42nd Street, Suite 1101
New York, New York 10165
(212) 808-0716 Telephone
(212) 808-0719 Facsimile
Jim_ElNabli@NabliLaw.com
JoeLilly@att.net
AlanHarrisEsq@aol.com
Peter.Lee@LeeAdvocates.Com

Marvin L. Frank
Bridget V. Hamill
**FRANK & BIANCO LLP**
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone: 212-628-1818
Facsimile: 212-682-1892
mfrank@frankandbianco.com
bhamill@frankandbianco.com

*Plaintiffs' Co-Lead Counsel*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2014, a copy of the foregoing document was filed electronically using the CM/ECF System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Peter Y. Lee