UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
DEVORAH CRUPAR-WEINMANN,                :
individually and on behalf of all others similarly
situated,                               :
                                                          INDEX NO.  13 Civ. 7013 (JSR)
          Plaintiff,              :

  -against-                              :

PARIS BAGUETTE AMERICA, INC. d/b/a      :
Paris Baguette,

         Defendant.
------------------------------------- X

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION
<u>AND LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT</u>**

TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY 10174
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendant Paris Baguette*

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ............................................................................................................................ 2

      A.    Summary of The Plaintiff's Claim ............................................................................ 2

      B.    Summary of The Court's Memorandum Order ......................................................... 3

ARGUMENT .................................................................................................................................. 4

    I.    Plaintiff's Claim That This Court Misapplied Safeco is Baseless ......................... 4

    II.    Plaintiff Has Set Forth No Basis For Reconsideration ......................................... 5

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ayazi v. United Fed'n of Teachers Local 2,
 487 Fed. Appx. 680 (2d Cir. 2012) ................................................................................................5

Hammer v. Sam's East, Inc.,
 -- F.3d --, 2014 U.S. App. LEXIS 10452 (8th Cir. June 5, 2014) ........................................2, 6

Iowa Pub. Employees' Ret. Sys. V. Deloitte & Touche LLP,
 558 Fed. Appx. 138 (2d Cir 2014) .................................................................................................6

Lucente v. Int'l Bus. Machs. Corp.,
 310 F.3d 243 (2d Cir. 2002) ...........................................................................................................6

Range Rd. Music, Inc. v. Music Sales Corp.,
 90 F. Supp. 2d 390 (S.D.N.Y. 2000) .............................................................................................6

Safeco Insurance Co. of America v. Burr,
 551 U.S. 47 (2007) ............................................................................................................... passim

Trans World Airlines, Inc. v. Thurston,
 459 U.S. 111 (1985) ....................................................................................................................3, 4

Women's Integrated Network, Inc. v. United States Speciality Ins. Co.
 ("WIN"), 495 Fed. Appx. 129 (2d Cir. 2012) ..............................................................................5

**STATUTES**

15 U.S.C. § 1681c(g) ............................................................................................................................2

15 U.S.C. § 1681n .................................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 59(e) ........................................................................................................................1, 5

Rule 6.3 of the Local Civil Rules for the United States District Court for the Southern
 District of New York ..........................................................................................................1, 2, 5, 6

Defendant Paris Baguette America, Inc. ("Paris Baguette") respectfully submits this Memorandum of Law in Opposition to the Motion of Plaintiff Devorah Crupar-Weinmann for Reconsideration of this Court's Memorandum Order of June 30, 2014, pursuant to Fed. R. Civ. P. 59(e) and Rule 6.3 of the Local Civil Rules for the United States District Court for the Southern District of New York ("Local Civil Rule 6.3").

## PRELIMINARY STATEMENT

Local Civil Rule 6.3 requires a party moving for Reconsideration to set forth "matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. In her Motion, Plaintiff has done neither. Instead, she has reasserted the exact arguments she made in Opposing Paris Baguette's Motion to Dismiss – arguments which this Court thoroughly considered and rejected following briefing and oral argument.

In the introduction to her papers, Plaintiff suggests that this Court "overlooked" the United States Supreme Court's decision in Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007). Yet the majority of this Court's twelve-page Memorandum Order was devoted to analyzing the Safeco case and applying its rationale to the allegations in the Plaintiff's Complaint. See Memorandum Order ("Order") at 4-10. Plaintiff's contention that the Court "overlooked" Safeco defies the black and white text of the Court's twelve-page Memorandum Order.

Not surprisingly, Plaintiff actually spends the majority of her brief arguing that the Court misapplied Safeco's holding. See Pl. Br. at 2-6. Yet even if Plaintiff were right in arguing that the Court misapplied Safeco – which she is not – that is not a basis for reconsideration under Local Civil Rule 6.3 because the Court did not in any respect "overlook" that controlling precedent and its application of Safeco contained no "clear error" under Fed. R. Civ. P. 59(e).

In any event, Plaintiff's criticism of the Court's application of Safeco is absolutely incorrect. See Pt. I, below. The Court's analysis of Safeco was thorough and accurate and – as noted in the text of the Memorandum Order itself – consistent with recent federal district court decisions dismissing purported class actions for the "willful" violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). See Order at 8 (citing Vidoni v. Acadia Corp., 11-CV-00448-NT, 2012 WL 1565128 [D. Me. Apr. 27, 2012]); Order at 9 (citing Komorowski v. All-Am. Indoor Sports, Inc., No. 13-2177-SAC, 2013 WL 4766800 [D. Kan. Sept. 4, 2013] and Miller-Huggins v. SpaClinic, LLC, No. 09 C 2677, 2010 WL 963924 [N.D. Ill. Mar. 11, 2010]).

In an apparent acknowledgment of the undeniable reality that this Court did not "overlook" Safeco – and for the purpose of at least appearing to satisfy Local Rule 6.3 – the Plaintiff also argues that this Court "overlooked" a different "controlling decision," i.e., the Eighth Circuit's recent decision in Hammer v. Sam's East, Inc., -- F.3d --, 2014 U.S. App. LEXIS 10452 (8th Cir. June 5, 2014). But that decision is neither "controlling" nor favorable to the Plaintiff. Hammer was a case in which the Eight Circuit affirmed the District Court's summary judgment in favor of the defendant in a FACTA class action on the ground that the plaintiff had failed to establish a "reckless" violation of FACTA by the defendant.

In sum, the Plaintiff has set forth no grounds to justify reconsideration of this Court's June 30, 2014 Order dismissing her Complaint with prejudice.

## BACKGROUND

### A. Summary Of The Plaintiff's Claim

In her Complaint, the Plaintiff alleged that Paris Baguette "willfully" violated FACTA. See Compl. ¶¶35-40. Plaintiff sought statutory damages of $1,000 per violation on behalf of a

putative class.  See Compl. at 9.  Those damages are available only for "willful" violations of the statute.  See Compl. ¶29; 15 U.S.C. § 1681n.  The crux of the Plaintiff's "willfulness" claim was that Paris Baguette's customer receipts redacted customer credit card numbers in compliance with FACTA but failed to redact cards' expiration dates, in violation of FACTA.  See Compl. ¶ 14.  Plaintiff contended that Paris Baguette's compliance with part of the statute (i.e., redacting the card numbers) was ipso facto evidence of its "willfulness" in failing to comply with the remainder of the statute (i.e., with respect to leaving in the expiration dates).  See Compl. ¶¶30-34.

**B.      Summary Of The Court's Memorandum Order**

In its Memorandum Order of June 30, 2014, this Court held that the Complaint failed to allege facts that plausibly stated a claim for a "willful" violation of FACTA.  See Order at 10.  The Court carefully analyzed and applied the Supreme Court's decision in Safeco, as well as the Supreme Court's decision in Trans World Airlines, Inc. v. Thurston, 459 U.S. 111 (1985), upon which the Safeco court relied.  See Order at 7-8 (stating that, while Safeco "focused primarily on reckless violations of FACTA" it "relied significantly on" Trans World Airlines).  Based on its analysis of these controlling precedents, this Court held that: (i) a "willful" violation of FACTA could be supported by allegations of conduct that was either "knowing" or "reckless," see Order at 4; and (ii) Plaintiff's complaint failed to allege that Paris Baguette acted either knowingly or recklessly, see Order at 4-11.

With respect to whether Plaintiff pleaded a "knowing" FACTA violation, the Court held that Plaintiff failed to allege facts that supported a "plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue."  Order at 8.  In its analysis, this Court's expressly applied

Safeco and Trans World Airlines. With respect to whether the Plaintiff had pleaded a "reckless" FACTA violation, the Court held that "evidence of defendant's knowledge of the statute in question, without anything more, fails to plausibly show that the defendant knowingly or recklessly violated the statute." Order at 11 (emphasis added). The Court again explicitly relied on the Safeco decision.

## ARGUMENT

For the reasons set forth below, the Plaintiff's Motion should be denied.

### I.
### Plaintiff's Claim That This Court Misapplied Safeco Is Baseless

Plaintiff claims that this Court "misconstrued" the applicable pleading standard for a claim of willful FACTA violation. See Pl. Br. at 1. Plaintiff is not correct.

In Safeco, the plaintiff brought a class action against defendant Safeco Insurance Company, claiming that it willfully violated the Fair Credit Reporting Act ("FRCA"). See Safeco, 551 U.S. at 55. The plaintiff alleged that Safeco had failed to provide certain required notices in "reckless" violation of the FCRA. See Safeco, 551 U.S. at 55. Safeco took the position that its conduct was justified or, at a minimum, not a "reckless" violation of the law. See Safeco, 551 U.S. at 68. The Supreme Court agreed, reasoning that Safeco's "reading of the statute, albeit erroneous, was not objectively unreasonable." See Safeco, 551 U.S. at 69 (emphasis added).

In its Memorandum Opinion, this Court held that that the Plaintiff had not alleged facts showing that "defendant made a decision to put the credit card expiration date on its receipts as a result of an objectively unreasonable interpretation of the statute." Order n.2 (emphasis added). In other words, contrary to the Plaintiff's baffling contention that this Court "overlooked" Safeco, the Court applied Safeco literally verbatim.

In addition to arguing that this Court "overlooked" Safeco, Plaintiff argues that this Court "misconstrued" Safeco. See Pl. Br. at 2. Specifically, Plaintiff claims that the Court failed to give appropriate weight to Safeco's determination that "a company subject to FCRA does not act in reckless disregard of it unless the action…shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Safeco, 551 U.S. at 69; see Pl. Br. at 3. Plaintiff's argument defies the face of the Safeco Court's decision, which specifically found that in order to allege a reckless violation of FCRA, there must be an "objectively unreasonable" interpretation of the statute and an act that created an "unjustifiably high risk" of violating FCRA. See Safeco, 551 U.S. at 69-70. This Court held that Plaintiff did not plead any facts showing that even the first requirement – an "objectively unreasonable" interpretation – had been met. See Order at n.2.

## II.
## Plaintiff Has Set Forth No Basis For Reconsideration

Even if this Court had misapplied Safeco – which it did not – there would be no basis for reconsideration because the Court did not commit "clear error" within the meaning of Fed. R. Civ. P. 59(e). See Women's Integrated Network, Inc. v. United States Speciality Ins. Co. ("WIN"), 495 Fed. Appx. 129, 131 (2d Cir. 2012) (affirming denial of reconsideration because, even assuming "that the district court … misapplied governing law in granting dismissal," such a misapplication of the law is not a "clear error" or manifest injustice "warranting relief"). Reconsideration is also not warranted because Plaintiff has utterly failed to identify any "matter or precedent" which the Court "overlooked." See R. 6.3; Ayazi v. United Fed'n of Teachers Local 2, 487 Fed. Appx. 680, 682 (2d Cir. 2012) (affirming denial of motion for reconsideration under Rule 6.3 because movant failed to identify controlling law or factual matters put before the court but overlooked)

The Eighth Circuit's decision in Hammer v. Sam's East, Inc., --- F.3d ---, 2014 U.S. App. LEXIS 10452 (8th Cir. June 5, 2014) is also not a basis for reconsideration.  First, Hammer was a summary judgment in favor of the defendants.  See Hammer, 2014 U.S. App. LEXIS, at *22.  The trial and appellate courts found that the plaintiff had not established recklessness.  See Hammer, 2014 U.S. App. LEXIS, at *3.  Hammer is not appropriate for reconsideration under Rule 6.3 because it did not reflect an "intervening change of controlling law" and it was not "overlooked" by this Court in its decision.  See Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (denying reconsideration where plaintiff movant failed to point to "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result") (emphasis in original).

For the same reasons – i.e., the failure to identify a precedent that the court overlooked and/or any "clear error" – there is no basis for the Court to reconsider its decision to deny Plaintiff the right to re-plead.  In its Memorandum Opinion, this Court analyzed and applied Second Circuit precedent – Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243 (2d Cir. 2002) – to determine that any attempt by Plaintiff to replead would be futile.  See Order at 11.  The Court's decision is amply supported by New York law.  See Iowa Pub. Employees' Ret. Sys. V. Deloitte & Touche LLP, 558 Fed. Appx. 138 (2d Cir 2014) (upholding District Court's dismissal of plaintiff's securities fraud claim with prejudice because "leave to amend would have been futile" where "[n]one of [plaintiff's] proposed amendments to the [c]omplaint support[ed] a plausible inference that [defendant] ignored red flags of fraud").

Separate and apart from Plaintiff's failure to establish grounds for reconsideration, Plaintiff's belatedly proffered amendments to the Complaint (i.e., in her reconsideration papers)

contain no new factual allegations.  Rather, Plaintiff simply offers to make the <u>same</u> factual allegations in different words, and to add the two conclusory words "objectively unreasonable." The entirety of Plaintiff's proposed amendments is as follows:

> 63.  The entire FACTA prohibition consists of only 44 words and is pellucid.  Of those 45 [sic] words, Paris Baguette complied with all but a [sic] middle four words—"or the expiration date."
>
> 64.  Paris Baguette's complying with the first 26 words and the last 5 words, while printing the expiration—the middle four words—was objectively unreasonable.

Pl. Br. at 7.  These proposed "new facts" are not new and would change nothing about the result.

## CONCLUSION

For the foregoing reasons, Paris Baguette respectfully requests that Plaintiff's Motion be denied in all respects.

Dated: New York, New York.
       July 21, 2014

Respectfully submitted,

TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY  10174-0700
212.704.6000

By: _____
    Joshua A. Berman
    Mary Jane Yoon

*Attorneys for Defendant*
*Paris Baguette America, Inc.*