```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
DEVORAH CRUPAR-WEINMANN,             :
individually and on behalf of all    :
others similarly situated,           :
                                     :
                Plaintiff,           :     13-cv-7013 (JSR)
                                     :
     -v-                             :
                                     :     MEMORANDUM ORDER
PARIS BAGUETTE AMERICA, INC. d/b/a   :
Paris Baguette,                      :
                                     :
                Defendant.           :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Devorah Crupar-Weinmann brought this action, individually and on behalf of those similarly situated, against defendant Paris Baguette America, Inc. ("Paris Baguette"), alleging willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") of 2003, Pub. L. No. 108-159, 117 Stat. 1952 (codified as amended in 15 U.S.C. § 1681c(g)), which amended the Fair Credit Reporting Act ("FCRA"). In her Complaint, plaintiff alleged that defendant knowingly or recklessly violated FACTA by providing her with a receipt that contained the full expiration date of her credit card.

Defendant then moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), primarily on the basis that the Complaint failed to plead sufficient facts to plausibly show that the defendant willfully violated FACTA. On January 15, 2014, following full briefing and oral argument, the Court granted

defendant's motion to dismiss, but stayed the case until it had issued a written opinion explaining the reasons for its decision. *See* Order, Jan. 15, 2014 ("January 15 Order"), at 2. On June 29, 2014, the Court issued its Memorandum Order reaffirming and explaining the reasons for the January 15 Order and directed entry of final judgment dismissing plaintiff's Complaint with prejudice. *See* Memorandum Order, June 29, 2014 ("June 29 Memorandum Order"), at 2, 12.

Plaintiff, with leave of this Court, now moves for reconsideration of the Court's decision on two grounds — first, that the Court misconstrued the pleading standard required to sufficiently state a claim for a willful violation under FACTA, and second, that the Court erred in dismissing the Complaint with prejudice and in denying leave to plaintiff to file an amended complaint.

A motion for reconsideration may be granted if the moving party can point to "data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Nat'l Immigration Project of the Nat'l Lawyers Guild v. U.S. Dep't of Homeland Sec.*, 11-cv-3235, 2013 WL 1947362, at *2 (S.D.N.Y. May 7, 2013) (internal quotation marks omitted). Typically, a court will deny such a motion "unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted).

After fully considering the parties' briefing, the Court denies plaintiff's motion for reconsideration in full for the following reasons.

First, the Court elaborates on why the plaintiff failed to adequately plead that defendant acted recklessly in violating the requirements of FACTA. As the Supreme Court made clear in *Safeco Insurance Company of America v. Burr*, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." 551 U.S. 47, 69 (2007). Notwithstanding plaintiff's attempts to import a lower standard of mere negligence, the Court finds that the plaintiff has pleaded no facts that make it plausible that defendant was anything other than "merely careless" in not complying with the statute. As the Court explained in its June 29 Memorandum Order, the allegations in the Complaint show, at best, that defendant knew of the statute and acted carelessly in not complying with it. *See* June 29 Memorandum Order, at 8-10.

As for plaintiff's second argument, the amendments that plaintiff proposes to her original Complaint illustrate exactly why this Court chose to dismiss her claim with prejudice instead of granting leave to file an amended complaint. The new allegations included in the proposed amended complaint either are merely conclusory or do not plausibly suggest that defendant acted more than negligently in not complying with FACTA's requirements. For example, the allegations about the number of words with which defendant complied simply illustrate yet again that defendant at most acted merely carelessly in its reading of the statute. *See* Memorandum of Law in Support of Plaintiff's Motion for Reconsideration of the Court's June 30, 2014 Order and Leave to File the Proposed First Amended Complaint, July 15, 2014, Ex. A ("Proposed Amended Complaint"), ¶¶ 63-64; *see also Safeco*, 551 U.S. at 69. Additionally, the allegation in paragraph 65 of the proposed amended complaint — that "Paris Baguette's failure to suppress the expiration date was reckless because it was an action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should have been [sic] known'" — is merely a legal conclusion and therefore must be disregarded. Proposed Amended Complaint, ¶ 65 (quoting *Safeco*, 551 U.S. at 68); *see also, e.g., Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

Finally, as discussed in the Court's June 29 Memorandum Order, the allegations relating to insurance coverage do nothing more than show that defendant knew of FACTA's requirements, without demonstrating reckless or knowing violation of those requirements. *See* June 29 Memorandum Order, at 11-12. No conclusory allegation to the contrary — particular one that lacks any causal connection to the plaintiff's injury — will suffice to plausibly support an allegation of recklessness. *See* Proposed Amended Complaint, ¶ 70. Without any further explanation as to how defendant acted more than carelessly, any attempt by plaintiff to amend her complaint would be futile. *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Accordingly, the Court hereby denies plaintiff's motion for reconsideration. The Clerk of the Court is hereby directed to close document number 27 in the docket of this case.

SO ORDERED.

Dated:  New York, New York
        September 2, 2014

_____
JED S. RAKOFF, U.S.D.J.