MANDATE

N.Y.S.D. Case # 13-cv-7013(JSR)

14-3709-cv; 15-464-cv
Cruper-Weinmann v. Paris Baguette America, Inc.; Katz v. The Donna Karan Co., LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of June, two thousand sixteen.

Present:        ROBERT A. KATZMANN,
                      *Chief Judge*,
        ROSEMARY S. POOLER,
        DENNY CHIN,
                      *Circuit Judges*.

_____

DEVORAH CRUPER-WEINMANN, Individually and on behalf
of all others similarly situated,

                      *Plaintiff-Appellant*,

              v.                                                14-3709-cv

PARIS BAGUETTE AMERICA, INC., doing business as
Paris Baguette,

                      *Defendant-Appellee*.

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 28, 2016

MANDATE ISSUED ON 07/28/2016

YEHUDA KATZ,

                *Plaintiff-Appellant*,

      v.                                      15-464-cv

THE DONNA KARAN COMPANY LLC, THE DONNA KARAN COMPANY STORE LLC, DONNA KARAN INTERNATIONAL, INC.,

                *Defendants-Appellees.*

| | |
|---|---|
| Appearing for Appellant Devorah Cruper-Weinmann: | Marvin L. Frank, Frank LLP, New York, NY. |
| Appearing for Appellant Yehuda Katz: | Shimshon Wexler, Atlanta, GA. |
| Appearing for Appellee Paris Baguette America Inc.: | Joshua A. Berman (Mary Jane Yoon, *on the brief*), Troutman Sanders LLP, New York, NY. |
| Appearing for Appellees The Donna Karan Company, LLC, The Donna Karan Company Store, LLC, Donna Karan International, Inc.: | Gregg M. Mashberg (David A. Munkittrick, Charles S. Sims*, on the brief*), Proskauer Rose LLP, New York, NY. |

     Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*) in No. 14-3709-cv.

     Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*) in No. 15-464-cv.

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Courts be and hereby are **VACATED** and these matters are **REMANDED**.

     Devorah Cruper-Weinmann appeals from the memorandum order of the United States District Court for the Southern District of New York (Rakoff, *J.*), entered June 30, 2014, dismissing her putative class action lawsuit against Paris Baguette America, Inc., d/b/a Paris Baguette, alleging that Paris Baguette violated the Fair and Accurate Credit Transactions Act ("FACTA") by issuing her a receipt with the full expiration date of her credit card printed on it. Yehuda Katz appeals from the opinion and order of the United States District Court for the

2

Southern District of New York (Crotty, *J.*), entered January 30, 2015, dismissing his putative class action lawsuit against Donna Karan International, Inc., The Donna Karan Company, LLC, and The Donna Karan Store, LLC, alleging that defendants violated FACTA by issuing him a receipt listing the first six and final four digits of his credit card number. The appeals were heard in tandem. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

After our Court heard argument in these cases, the Supreme Court issued its opinion in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). *Spokeo* addressed the issue of what plaintiffs must plead to adequately allege a "concrete injury" for purposes of Article III standing. *Id.* at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). All parties submitted briefing on the impact of *Spokeo*.

Given the change *Spokeo* effected in the standing doctrine, we remand to allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and to allow the district courts to address any standing questions in the first instance. *See Warth v. Seldin*, 422 U.S. 490, 501-02 (1975) ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.").

From whatever final decision the district courts make, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of this Court within ten days of the district courts' decision, in which event the renewed appeal will be assigned to this panel. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994).

Accordingly, the orders of the district court hereby are VACATED and these matters are REMANDED for further proceedings consistent with this order. The motions by Public Justice, P.C. to file amicus curiae briefs in both appeals are denied without prejudice to renewal should the matters return to this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*[signature: Catherine O'Hagan Wolfe]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature: Catherine O'Hagan Wolfe]*

3