UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DEVORAH CRUPER-WEINMANN,                    :
individually and on behalf of all others similarly
situated,                                    :

             Plaintiff,                    :

     -against-                                   :

PARIS BAGUETTE AMERICA, INC. d/b/a          :
Paris Baguette,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDEX NO.  13 Civ. 7013 (JSR)

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendant Paris Baguette America, Inc. d/b/a Paris Baguette*

TABLE OF CONTENTS

PAGE (S)

PRELIMINARY STATEMENT ................................................... 1

PROCEDURAL BACKGROUND ................................................ 2

    A.    Plaintiff's original Complaint ................................... 2

    B.    This Court dismissed Plaintiff's original Complaint, with prejudice, for failure to state a claim ........................... 3

    C.    The Second Circuit remanded merely to give Plaintiff an opportunity to establish she has standing to bring her claims ................. 5

    D.    Plaintiff's Amended Complaint, which still fails to state a claim, does not sufficiently allege that Plaintiff suffered any concrete injury ................................................... 6

ARGUMENT ...................................................................... 7

  I.    PLAINTIFF LACKS ARTICLE III STANDING ................................ 7

    A.    *Spokeo* confirms that a plaintiff lacks standing where, as here, she alleges only a bare, procedural FACTA violation divorced from harm the Act is meant to remedy ............................. 7

    B.    Plaintiff lacks standing because she alleges only a bare, procedural FACTA violation that is divorced from any concrete harm to her identity or credit ................................... 10

    C.    Post-*Spokeo* case law from this Circuit shows that Plaintiff lacks standing ................................................. 13

  II.    PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM ....... 17

CONCLUSION ................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Altman v. White House Black Mkt., Inc.*,
   No. 1:15-cv-2451-SCJ, 2016 U.S. Dist. LEXIS 92761 (N.D. Ga. July 13, 2016) ............15, 16

*Church v. Accretive Health, Inc.*,
   No. 15-15708, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016) ................................16

*Clapper v. Amnesty Int'l USA*,
   133 S. Ct. 1138 (2013)..................................................................................................8

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)......................................................................................................8

*Dolan v. Select Portfolio Servicing*,
   No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201 (E.D.N.Y. Aug. 2,
   2016) ..................................................................................................13, 14, 15, 16

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000).....................................................................................................8

*Guarisma v. Microsoft Corp.*,
   No. 15-24326, 2016 U.S. Dist. LEXIS 97729 (S.D. Fla. Jul. 26, 2016)................................15

*Jaffe v. Bank of Am., N.A.*,
   No. 13 CV 4866 (VB), 2016 U.S. Dist. LEXIS 92899 (S.D.N.Y. Jul. 15, 2016) ............14, 15

*Krys v. Sugrue*,
   No. 07-md-1902 (JSR), 2012 U.S. Dist. LEXIS 185904 (S.D.N.Y. Nov. 29, 2012) .............16

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)......................................................................................................8

*Raines v. Byrd*,
   521 U.S. 811 (1997)......................................................................................................8

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ...................................................................................... *passim*

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)......................................................................................................8

*Warth v. Seldin*,
   422 U.S. 490 (1975)......................................................................................................8

**TABLE OF AUTHORITIES**
(continued)

Page

**STATUTES, RULES AND OTHER AUTHORITIES**

Credit and Debit Card Receipt Clarification Act of 2007, 110 P.L. 241, 121 Stat. 1565,
§§ 2(a)(6),(b)...................................................................................................................12, 13, 15

Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c .....................................................1

Fair Credit Reporting Act, 15 U.S.C. § 1681. ..............................................................1, 2, 10, 12

Fed. R. Civ. P. 12(b)(1).................................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6).......................................................................................................2, 3, 7, 17

Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605(b) and (c).............................13, 14

The Fair Credit Reporting Act and Issues Presented By Reauthorization of the Expiring
Preemption Provisions: Hearing Before the Committee on Banking, Housing and Urban
Affairs, S. Hrg. 108-579 ...............................................................................................................11

Defendant Paris Baguette America, Inc. ("Paris Baguette") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Devorah Cruper-Weinmann's ("Plaintiff") Amended Class Action Complaint ("Amended Complaint") [Doc. 40], with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## PRELIMINARY STATEMENT

The unique procedural posture of this action gives the Court yet another reason to dismiss Plaintiff's claims with prejudice.  The Court has already found that Plaintiff cannot state a claim; and now, under *Spokeo*, it is plain that Plaintiff lacks Article III standing.

Plaintiff has not alleged -- nor, per findings made by Congress, can she even allege -- that she suffered a concrete harm, which is an essential element of standing, as set forth by the Supreme Court in *Spokeo*. Plaintiff's threadbare allegation that she received her own receipt, which contained her credit card's expiration date but which redacted **_more_** of her credit card number than the law requires, neither states a claim (as the Court has already found) nor bestows standing.

Over two years ago, this Court dismissed Plaintiff's Complaint -- which improperly sought to recover tens of millions of dollars in statutory penalties based on the conclusory allegation that Paris Baguette "willfully" violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c, which amended the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* -- with prejudice for failure to state a claim [Doc. 21, 24].   The Court later denied Plaintiff's motion for reconsideration of the dismissal [Doc. 31].

Plaintiff appealed; however, the Second Circuit has not yet addressed, let alone disturbed in any manner, this Court's findings on which it based its dismissal of Plaintiff's Complaint and its denial of Plaintiff's motion for reconsideration.  Rather, the sole reason this action is back before this Court is because the Second Circuit remanded to give Plaintiff "an opportunity to

replead [her] claims to comport with the pleading standards set forth in [*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)], and to allow the district court[] to address any standing questions in the first instance." [Doc. 38, p. 3].

Plaintiff's Amended Complaint, based on the law of the case and the fact that the amended pleading still fails to state a claim, should again be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).  *Spokeo* provides an additional, independent justification for dismissing Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), based on her failure to meet the threshold for Article III standing.

## PROCEDURAL BACKGROUND

### A.   Plaintiff's original Complaint

Plaintiff filed her Complaint on October 3, 2013 [Doc.  1]. Although Plaintiff did not claim to have suffered any injury, she nevertheless alleged that Paris Baguette somehow "willfully" violated FACTA [Doc. 1, ¶¶ 35-40].

Plaintiff sought statutory damages of $1,000 per violation on behalf of a putative class [Doc. 1, ¶ 9].  Such damages are available only for "willful" violations of the statute (*See* [Doc. 1, ¶ 29]; 15 U.S.C. § 1681n).

The crux of Plaintiff's "willfulness" claim was that Paris Baguette's customer receipts redacted customer credit card numbers in compliance with FACTA, but failed to redact card expiration dates, in violation of FACTA. [Doc. 1, ¶ 14].   The "willfulness" section of Plaintiff's Complaint consisted of: (i) a recitation of the history of FACTA's enactment and the publicity it received [Doc. 1, p. 13]; and (ii) the single allegation that Paris Baguette's over-redaction of Plaintiff's credit card number was evidence that Paris Baguette willfully violated FACTA by leaving the expiration date on her receipt [Doc. 1, p. 13 at ¶ 34].

Thus, Plaintiff essentially alleged that Paris Baguette's compliance with part of the

statute (*i.e.*, redacting the card numbers) was *ipso facto* proof of Paris Baguette's "willfulness" in failing to comply with the remainder of the statute (*i.e.*, with respect to leaving in the expiration dates) [Doc. 1, ¶¶ 30-34].

**B.    This Court dismissed Plaintiff's original Complaint, with prejudice, for failure to state a claim**

On November 18, 2013, Paris Baguette moved to dismiss Plaintiff's original Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that the Complaint failed to allege a willful FACTA violation [Doc. 10].

During oral argument on January 6, 2014, Plaintiff's counsel referred to an additional, never-before-pleaded allegation in an attempt to support Plaintiff's claim of willfulness. Specifically, counsel asserted that Paris Baguette had negotiated an insurance policy that contained an exclusion for FACTA liability [Doc. 22, Tr. 14:12-20].

On January 16, 2014, the Court entered an abbreviated Order granting Paris Baguette's motion and dismissing the Complaint [Doc. 21].  On June 30, 2014, the Court entered a full Memorandum Order elaborating the bases for dismissing the Complaint, with prejudice [Doc. 24].

The Court found in particularly relevant part:

- Plaintiff's allegations in paragraphs 11, 38, and 40 are merely conclusory and therefore cannot support a finding of willfulness [Doc. 21, pp. 8-9];

- The fact that Paris Baguette changed its credit card receipt to partially comply with FACTA's requirements renders implausible the claim that Paris Baguette was attempting to willfully evade FACTA's restrictions [Doc. 21, p. 10]; and

- Plaintiff's proffered evidence could plausibly support an inference that Paris Baguette was aware of the requirements of FACTA, but, as the Court had already

made clear, evidence of a party's knowledge of the statute in question, without more, fails to plausibly show that such party knowingly or recklessly violated the statute [Doc. 21, p. 11].

On July 15, 2014, Plaintiff moved for reconsideration of the Court's Order dismissing her original Complaint [Doc. 27].   Plaintiff argued in her motion that the Court failed to apply the correct standard for determining willfulness, and, further, that it failed to consider whether Paris Baguette had recklessly violated FACTA [Doc. 28]. Together with her Motion, Plaintiff filed a Proposed Amended Complaint [Doc. 28-1].

On September 3, 2014, the Court entered a comprehensive Memorandum Order (i) denying Plaintiff's Motion for Reconsideration and (ii) denying Plaintiff leave to file her proposed amended complaint [Doc. 31].   The Court held in particularly relevant part:

> Notwithstanding plaintiff's attempts to import a lower standard of mere negligence, the Court finds that the plaintiff has pleaded no facts that make it plausible that defendant was anything other than "merely careless" in not complying with the statute. As the Court explained in its June 29 Memorandum Order, the allegations in the Complaint show, at best, that defendant knew of the statue and acted carelessly in not complying with it.
>
> ***
>
> As for plaintiff's second argument, the amendments that plaintiff proposes to her original Complaint illustrate exactly why this Court chose to dismiss her claim with prejudice instead of granting leave to file an amended complaint. The new allegations included in the proposed amended complaint either are merely conclusory or do not plausibly suggest that defendant acted more than negligently in not complying with FACTA's requirements.
>
> ***
>
> [T]he allegation in paragraph 65 of the proposed amended complaint - that "Paris Baguette's failure to suppress the expiration date was reckless because it was an action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should have been [sic] known'" - is merely a legal conclusion and therefore must be disregarded.

-4-

\*\*\*

> [T]he allegations relating to insurance coverage do nothing more than show that defendant knew of FACTA's requirements, without demonstrating reckless or knowing violation of those requirements … No conclusory allegation to the contrary — particular one that lacks any causal connection to the plaintiff's injury — will suffice to plausibly support an allegation of recklessness … Without any further explanation as to how defendant acted more than carelessly, any attempt by plaintiff to amend her complaint would be futile.

[Doc. 31, pp. 3-5].

## C.      The Second Circuit remanded merely to give Plaintiff an opportunity to establish she has standing to bring her claims

On October 1, 2014, Plaintiff appealed from this Court's Order granting Paris Baguette's Motion to Dismiss Plaintiff's Complaint [Doc. 24], the Judgment entered in this action on June 30, 2014 [Doc. 25], and the Court's Memorandum and Order denying Plaintiff's Motion for Reconsideration [Doc. 31]. *See* [Doc. 32].

On May 18, 2016, after the parties had fully briefed the issues on appeal [Doc. 38, p. 3], the Second Circuit ordered each party to submit a letter brief limited to the issue of how the Supreme Court's recent decision in *Spokeo* applies to this case.  *See* the Declaration of Bennet J. Moskowitz dated August 23, 2016 ("Moskowitz Decl.") at Ex. A.

On June 30, 2016, the Second Circuit issued an Order in which it found:

> After our Court heard argument in these cases, the Supreme Court issued its opinion in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). *Spokeo* addressed the issue of what plaintiffs must plead to adequately allege a "concrete injury" for purposes of Article III standing. *Id*. at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation."). All parties submitted briefing on the impact of *Spokeo*.
>
> **Given the change *Spokeo* effected in the standing doctrine, we remand to allow plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and to allow the district courts to address any standing questions in the first instance**. *See Warth v. Seldin*, 422 U.S. 490, 501-02.(1975) ("[I]t is within the trial court's power to allow or to require the plaintiff to supply, by amendment

to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.").

**From whatever final decision the district courts make, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of this Court within ten days of the district courts' decision, in which event the renewed appeal will be assigned to this panel.** *See United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994).

[Doc. 38, p. 3] (emphasis added).

Although the Second Circuit vacated this Court's prior dismissal order (Doc. 24) and remanded solely to permit Plaintiff to amend her allegations to comport with *Spokeo* and to permit this Court to address Plaintiff's standing, the Second Circuit did not disturb this Court's findings contained in (1) its Order granting Paris Baguette's Motion to Dismiss Plaintiff's Complaint (Doc. 24), or (2) its Memorandum and Order denying Plaintiff's Motion for Reconsideration (Doc. 31). The Second Circuit's Order permits Plaintiff to amend her original Complaint so as to establish she has standing to bring her claims, and nothing more.

Consistent with the limited nature of the Second Circuit's Order, during an August 1, 2016 telephone conference with the Court, which counsel for both parties attended, the Clerk to the Honorable Jed. S. Rakoff stated in substance that the briefing on Paris Baguette's Motion to Dismiss Plaintiff's Amended Complaint should be directed to Article III standing issues. (*See* Moskowitz Decl., ¶ 3).

**D.     Plaintiff's Amended Complaint, which still fails to state a claim, does not sufficiently allege that Plaintiff suffered any concrete injury**

On July 29, 2016, Plaintiff filed its Amended Complaint [Doc. 40]. Plaintiff's Amended Complaint, which still suffers from the Fed. R. Civ. P. 12(b)(6) failures of Plaintiff's original Complaint,  is devoid of **<u>facts</u>** establishing that Plaintiff suffered any concrete harm as a result of

Paris Baguette's alleged conduct. Plaintiff merely alleges, as she did before, that she received an improperly truncated receipt. There is no allegation that the inclusion of her credit card's expiration date caused her any harm whatsoever.

 Plaintiff, instead of alleging any facts concerning any concrete harm, appears to have formulated her Amended Complaint by inserting into her deficient proposed amended complaint, which she filed along with her unsuccessful Motion for Reconsideration, a condensed version of her letter brief concerning *Spokeo*, which she submitted to the Second Circuit [*Compare* Doc. 28-1 with Doc. 40].

Thus, Plaintiff has inserted into her Amended Complaint twelve new allegations consisting of **legal** positions and arguments, including case law citations, concerning standing; but Plaintiff does not allege any new **facts** establishing standing [*See* Doc. 40 ¶¶ 29-40].  Rather, Plaintiff merely asserts, in conclusory fashion and without any supporting facts, that Paris Baguette's mere printing of her receipt containing her credit card's expiration date, by itself, exposed her to an "increased risk of identity theft" [*See* Doc. 40 ¶¶ 29, 31].

Plaintiff is therefore effectively left with the deficient allegations she made in her original Complaint.  This Court has already held that such allegations plead "no facts that make it plausible that defendant was anything other than 'merely careless' in not complying with the statute" [Doc. 31, p. 3].

## ARGUMENT

### I.   PLAINTIFF LACKS ARTICLE III STANDING

**A.   *Spokeo* confirms that a plaintiff lacks standing where, as here, she alleges only a bare, procedural FACTA violation divorced from harm the Act is meant to remedy.**

Plaintiff's Amended Complaint does not comport with Article III standing requirements, as clarified by *Spokeo*, because it does not contain any allegations establishing concrete harm to

Plaintiff.  *Spokeo* confirms that an allegation of a procedural FACTA violation, which, like Plaintiff's allegation here, is divorced from the harm the Act is meant to remedy (*i.e.*, identity theft), is insufficient to satisfy the injury-in-fact element of standing under Article III of the Constitution.  *See Spokeo*, 136 S. Ct. at 646.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013).   As the Supreme Court has explained, "'[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Id.* (alteration in original) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006); citing *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-493 (2009). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Id.* quoting *Raines*, 521 U.S. at 818; citing *Summers*, 555 U.S. at 492-93; *DaimlerChrysler Corp.*, 547 U.S. at 342; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Standing under Article III of the Constitution consists of three elements: a plaintiff must have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo*, 136 S. Ct. 1540 at 1547 (citing *Lujan*, 504 U.S. at 560; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).   At the pleading stage, the plaintiff must clearly allege facts demonstrating each element.  *Id.*  (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).  To establish injury-in-fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560).

-8-

*Spokeo* clarifies the injury-in-fact element of standing.   In *Spokeo*, an individual, Thomas Robins, filed a class-action complaint in the U.S. District Court for the Central District of California against an internet "people search engine" for willful FCRA violations arising from the defendant's alleged gathering and public dissemination of an inaccurate profile of Robins. *Id*. at 1544.   The District Court dismissed Robins' complaint on the grounds that he had not satisfied the injury-in-fact requirement of Article III standing.   *Id*. at 1546.   The Court of Appeals for the Ninth Circuit reversed, holding Robins' alleged violations of his statutory rights were sufficient to satisfy the injury-in-fact requirement of Article III.   *Id*.

The Supreme Court vacated and remanded, holding that the Ninth Circuit's analysis elided the independent requirement that the alleged injury be concrete, in addition to particularized.   *Id*. at 1544, 1548.   As particularly relevant here, Justice Alito, writing for the majority, found:

> We have made it clear time and time again that an injury in fact must be both concrete *and* particularized.
>
> ***
>
> A 'concrete' injury must be 'de facto'; that is, it must actually exist.
>
> ***
>
> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. **Article III standing requires a concrete injury even in the context of a statutory violation.** For that reason, **Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III** … On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. On the other hand, **Robins cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm.** For example, even if a consumer reporting agency fails to provide the required notice to a user of the

agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. **An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm**.

*Id*. at 1548-49 (emphasis added) (citations omitted).

The Supreme Court remanded the case to the Ninth Circuit to determine "whether the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement." *Id*. at 1550.

**B.     Plaintiff lacks standing because she alleges only a bare, procedural FACTA violation that is divorced from any concrete harm to her identity or credit.**

Plaintiff's Complaint is a quintessential example of a deficient pleading under the standing principles set forth in *Spokeo*. Plaintiff alleges only a bare, procedural FACTA violation, which is completely divorced from any allegation of concrete harm to her credit or identity by means of identity theft or otherwise.

Congress enacted FACTA "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes." Pub. L. No. 108-159, 117 Stat. 1952, 1953 (2003).   Plaintiff effectively concedes in her Amended Complaint that FACTA's primary purpose is to protect consumers from __**actual**__ identity theft:

- "FACTA is designed to protect credit and debit cardholders from identity theft and fraud" [Doc. 40 ¶ 1].

- "One common modus operandi of identity thieves is to obtain Card receipts that are lost or discarded, or through theft, and use the information on them to engage commit fraud and theft" [Doc. 40 ¶ 19].

-10-

- "Identity thieves commonly obtain Card receipts that are lost or discarded, or through theft, and use the information to engage in unauthorized credit or debit transactions" [Doc. 40 ¶ 24].

- The Fair and Accurate Credit Transactions Act was passed by Congress on November 22, 2003, and signed by President Bush on December 4, 2003, to assist in the prevention of identity theft and credit and debit card fraud. The statute makes it more difficult for identity thieves to obtain consumers' Card information by reducing the amount of information identity thieves could retrieve from found or stolen Card receipts.  In his statement during the signing of the bill, President Bush declared that: This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs" [Doc. 40 ¶ 26].

Congress was particularly concerned with averting harm to consumers where a receipt was stolen, lost, or discarded, and subsequently obtained by a third party. Thus, during a Congressional hearing, Senator Charles E. Schumer stated: "We should truncate credit card receipts … In other words, the receipt, the part you discard, does not show the whole number on there so people cannot go into the garbage can, pick it up, and duplicate your credit card number." *See The Fair Credit Reporting Act and Issues Presented By Reauthorization of the Expiring Preemption Provisions: Hearing Before the Committee on Banking, Housing and Urban Affairs,* l08th Cong. (2003), S. Hrg. 108-579 (available at https://www.gpo.gov/fdsys/pkg/CHRG-108shrg95254/html/CHRG-108shrg95254.htm).

Plaintiff does not allege actual identity theft.  Plaintiff instead alleges in her Amended Complaint only that Paris Baguette willfully violated FACTA by providing **her** with a receipt

that contained the expiration date of **her** credit card; however, she does not allege—nor, based on Congress' findings described below, can she allege—any concrete harm of any kind whatsoever such as identity theft or that her credit was damaged.   Plaintiff does not allege that anyone other than her ever accessed or had access to her receipt.   Nor does Plaintiff allege that any putative class member has been harmed in any way.

Congress has definitively found that dissemination of a credit card expiration date, coupled with a properly truncated credit card number—*i.e.*, exactly what Plaintiff alleges occurred here—does **not** cause concrete harm.   In its 2007 clarification to FACTA, the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act") (amending 15 U.S.C. § 1681n), Congress found:

> Experts in the field agree that **proper truncation of the card number, by itself** as required by the amendment made by the Fair and Accurate Credit Transactions Act, **regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud**.

> \*\*\*

> The purpose of this Act is to ensure that consumers suffering from any **actual** harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers.

110 P.L. 241, 121 Stat. 1565, §§ 2(a)(6),(b) (emphasis added).

Based on *Spokeo* and these unmistakable intentions and conclusions of Congress, Plaintiff could not have suffered any concrete harm because she alleges only that she received a receipt containing *her* credit card's expiration date.   Indeed, as set forth above, Justice Alito found that it is "difficult" to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm to a plaintiff asserting FCRA claims.   Here, more than

merely "difficult," it is impossible to imagine any concrete harm caused by Plaintiff's, and only Plaintiff's, observation of a receipt allegedly containing her own credit card's expiration date.

Unlike *Spokeo*, where the plaintiff alleged his erroneous personal profile information was available online for all to see, the alleged violation in this case had an audience of one—Plaintiff herself. There is no allegation here, as there was in *Spokeo*, that a third party saw Plaintiff's receipt. Therefore, under *Spokeo*, Plaintiff lacks standing.

**C.     Post-*Spokeo* case law from this Circuit shows that Plaintiff lacks standing.**

Two recent decisions from courts in the Second Circuit, which reach different results concerning standing, show why Plaintiff here lacks standing. The Hon. Pamela K. Chen of the Eastern District of New York very recently held that a plaintiff lacked standing to assert claims under §§ 2605(b) and (c) of the Real Estate Settlement Procedures Act ("RESPA"), which require loan servicers to notify borrowers of any transfer of the servicing of a loan. *See generally Dolan v. Select Portfolio Servicing*, No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201 (E.D.N.Y. Aug. 2, 2016). Judge Chen, "read[ing] *Spokeo* as affirming the principle that a claim of a bare procedural statutory violation will be insufficient to confer standing, except in situations where Congress clearly intended to create a right to bring suit regardless of the existence or non-existence of actual harm," concluded that Congress did not intend to create such a right in RESPA Section 2605(b) and (c). *Id.*, at *24. Judge Chen therefore found that the plaintiff's "bare procedural statutory violations of Section 2605(b) and (c)" failed for lack of standing. *Id.* at *19.

Judge Chen judiciously declined to follow a recent 11th Circuit decision, the holding of which essentially makes every statutory violation of an "informational" right sufficient to confer standing:

> The Court is aware of the Eleventh Circuit's recent decision in *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016), in which the Eleventh Circuit concluded that a plaintiff had standing to assert claims under the Fair Debt Collection Practices Act ("FDCPA") simply by alleging that she had not received all information to which she was entitled under the statute, even in the absence of any allegations of "tangible economic or physical harm." … The Court is not bound by this decision, and respectfully disagrees with it, based on this Court's conclusion that the cases cited in *Spokeo* as examples of intangible harm sufficient to confer standing … involved interests of much greater and broader significance to the public than those at issue in *Church* and, more relevantly, under Section 2605 of RESPA. In short, the Court rejects the view that *Spokeo* established the proposition that every statutory violation of an "informational" right 'automatically' gives rise to standing.

*Dolan*, 2016 U.S. Dist. LEXIS 101201, at *22-23 n.7.

Judge Briccetti recently issued a decision in which he held that plaintiffs asserting violations of New York Real Property Law and New York Real Property Actions and Proceedings Law, based on defendants' failure to timely file mortgage satisfaction notices, did have standing under the principles set forth in *Spokeo*. *Jaffe v. Bank of Am., N.A.*, No. 13 CV 4866 (VB), 2016 U.S. Dist. LEXIS 92899, at *10 (S.D.N.Y. Jul. 15, 2016). Judge Briccetti found that "[a]s alleged, when defendant violated plaintiffs' statutory right to a timely filed mortgage satisfaction notice, it created a 'real risk of harm' by clouding the titles to their respective properties." *Id.*, at *11.

Plaintiff's claims in this litigation are like the plaintiff's claims in *Dolan* but are unlike the plaintiff's claims in *Jaffe*. Here, similar to the plaintiff's RESPA claims in *Dolan*, Plaintiff alleges bare procedural statutory violations of an act (*i.e.*, FACTA), which is intended to protect individuals from actual harm (*i.e.*, and per the Clarification Act and Plaintiff's own allegations, "actual harm" to consumers' identities or credit). *See* Clarification Act, 110 H.R. 4008-2, Sec. 2(b). *See also* [Doc. 1 at ¶¶ 1, 19, 24]. Unlike the violations at issue in *Jaffe*, Plaintiff's allegations here do not establish that the mere printing of her receipt, by itself, somehow gave

rise to any "actual harm" or "real risk of harm" equivalent to the clouding of title.  Therefore, under *Spokeo*, as construed by *Dolan* and *Jaffe*, Plaintiff here lacks standing.

The post-*Spokeo* cases, which Plaintiff cites in her Amended Complaint to establish that she suffered an increased risk of identity theft sufficient to confer standing, are inapposite and non-binding.   *Altman v. White House Black Mkt., Inc.*, No. 1:15-cv-2451-SCJ, 2016 U.S. Dist. LEXIS 92761, at *2 (N.D. Ga. Jul. 13, 2016), is factually distinguishable.   In *Altman*, a consumer alleged that a store violated FACTA by providing the consumer with a credit card receipt containing the first six and last four digits of the consumer's credit card number.  *Id.*, at *2.

Here, by contrast, Plaintiff alleges that Paris Baguette over-redacted her credit card number but failed to redact her credit card expiration date.  As explained above, however, Congress has found that dissemination of a credit card expiration date, coupled with a properly truncated credit card number, does **not** cause concrete harm.

*Altman* is also unpersuasive, because the court in that matter relied heavily on the Eleventh Circuit's decision in *Church*, which Judge Chen correctly declined to follow in *Dolan*. *See Altman*, 2016 U.S. Dist. LEXIS 92761, at *11-15.  Moreover, and in any event, this Court is not bound by *Altman*.

Plaintiff's reliance on *Guarisma v. Microsoft Corp.*, No. 15-24326, 2016 U.S. Dist. LEXIS 97729 (S.D. Fla. July 26, 2016), is similarly misplaced.  In *Guarisma*, a customer alleged that a store provided him with a printed receipt bearing the first six and last four digits of his credit card number.  *Id.* at *2.  Here, there is no such allegation.  Rather, Plaintiff alleges only the disclosure of an expiration date, which Congress has recognized is, without more, insufficient to cause concrete harm.

-15-

The court in *Guarisma* also used the unconvincing, non-binding *Church* decision as a "guidepost." *Id.* at *10.  Further, *Guarisma*, like *Altman*, is not binding on this Court.

Plaintiff's reliance on a 2007 brief filed by the Department of Justice ("DOJ") in *Papazian v. Burberry Ltd.*, No. 2:07-cv-01479-GPS-RZ, *Ex Parte Application of the United States of America to Intervene* (C.D. Cal. July 24, 2007), is erroneous.  The DOJ did not take a position concerning the issue here—*i.e.*, whether a store's failure to redact a credit card expiration date by itself creates a risk of harm giving rise to Article III standing (it does not).  Nor does the DOJ's brief constitute congressional intent concerning FACTA.

Plaintiff's argument that the harm she alleges "has a close relationship with a traditional harm" [Doc. 40 at ¶¶ 37-39], improperly couches the relevant harm as an invasion of "privacy rights."  Plaintiff's reference to "privacy rights" is contradicted by the fact that she effectively concedes elsewhere in her Amended Complaint that Congress' primary concern in enacting FACTA was and is to prevent identity theft. Yet, even assuming "privacy rights" are the issue here, which they are not, Plaintiff does not allege that her privacy was compromised in any manner.[1]

## II.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM

It is the law of this case that Plaintiff failed to state a claim.  *See Krys v. Sugrue*, No. 07-md-1902 (JSR), 2012 U.S. Dist. LEXIS 185904, at *45-47 (S.D.N.Y. Nov. 29, 2012) ("To allow a dismissed claim to be revived — in the very action in which it was dismissed — makes a mockery of the law of the case doctrine and Rule 12(b)(6)."), *adopted by* 2013 U.S. Dist. LEXIS 16488 (S.D.N.Y. Feb. 5, 2013) (Rakoff, J.).  As explained above, Plaintiff's Amended Complaint

---

[1] Plaintiff's citation to an amicus brief authored by a law firm named "Public Justice" [*See* Doc. 40 at p. 11 fn. 1], fails to disclose that the Second Circuit denied, without prejudice, Public Justice's motion to file its brief [*See* Doc. 38, at p. 3].

is essentially identical to her proposed amended complaint, which the Court found did not rescue her case.  Moreover, and regardless of the law of the case, Plaintiff's Amended Complaint also fails to state a claim.

Accordingly, and respectful of the Court's direction to the parties that they address on this motion Plaintiff's standing to pursue this action, Paris Baguette respectfully requests that the Court reinstate its Order granting Paris Baguette's Motion to Dismiss Plaintiff's Complaint [Doc. 24], the Judgment entered in this action on June 30, 2014 [Doc. 25], and this Court's Memorandum and Order denying Plaintiff's Motion for Reconsideration [Doc. 31].

Any claim by Plaintiff, that the Second Circuit's Order permits her to amend her Complaint to do anything other than make allegations establishing her standing, is belied by the plain language of the Order, this Court's direction to the parties to address standing, and a recent order issued by Judge Crotty.  In *Katz v. Donna Karan Int'l, Inc.*, the appeal of which was heard in tandem with the appeal in this action, the plaintiff sought leave to move to file an amended complaint beyond matters addressed by the Second Circuit's Order.  *Katz*, No. 14 Civ. 740, 2015, Letter [Doc. 51][2] (S.D.N.Y. Aug. 2, 2016).  Thereafter, Judge Crotty issued an order limiting the plaintiff's amendment in that matter to "'replead[ing] [his] claims to comport with the pleading standards set forth in *Spokeo*, and to allow the [Court] to address any standing questions in the first instance.'" *Katz*, No. 14 Civ. 740, 2015, Order [Doc. 52][3] (S.D.N.Y. Aug. 2, 2016) (quoting the Second Circuit's remand order).

Nor should Plaintiff be permitted to replead her deficient Complaint for a second time. The Second Circuit's Order does not comport with any further amendments.  Further, this Court has already denied Plaintiff's prior request to file an amended Pleading based on what is

---

[2] *See* Moskowitz Decl., Ex. B.
[3] *See* Moskowitz Decl., Ex. C.

essentially the same allegations [Doc. 31]. *Compare* [Doc. 28-1] with [Doc. 40].

### CONCLUSION

Paris Baguette respectfully requests that its Motion be granted in all respects because

Plaintiff lacks Article III standing and her Amended Complaint fails to state a claim.


Dated: New York, New York.                    Respectfully submitted,
        August 23, 2016
                                              TROUTMAN SANDERS LLP
                                              875 Third Avenue
                                              New York, New York 10022

                                              By:    /s/  Bennet J. Moskowitz
                                                    Joshua A. Berman
                                                    Bennet J. Moskowitz

                                              *Attorneys for Defendant Paris Baguette*
                                              *America, Inc. d/b/a Paris Baguette*