UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DEVORAH CRUPER-WEINMANN, :
individually and on behalf of all others similarly
situated, :

           Plaintiff, :   Index No.  13 Civ. 7013 (JSR)

   -against- :

PARIS BAGUETTE AMERICA, INC. d/b/a :
Paris Baguette,

          Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendant Paris Baguette America, Inc. d/b/a Paris Baguette*

## TABLE OF CONTENTS

                                                                                                                **Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................................... 1

ARGUMENT ......................................................................................................................................... 3

      I.      FACTA is an identity theft statute; it is not a "privacy statute." ............................ 3

      II.     Plaintiff does not allege facts establishing identity theft or an increased risk thereof ................................................................................................................ 4

      III.    Plaintiff's central argument disregards *Spokeo's* distinction between bare procedural violations and violations inherently connected to the relevant harm ......................................................................................................................... 6

      IV.    Plaintiff presents a flawed, incomplete picture of post-*Spokeo* FACTA cases ......................................................................................................................... 8

      V.     Plaintiff relies on inapposite, non-FACTA case law .............................................. 9

      VI.    Plaintiff's request to strike is procedurally improper and inaccurate ................... 10

CONCLUSION .................................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ali v. Playgirl, Inc.*,
   447 F. Supp. 723, 726 (S.D.N.Y. 1978) ...............................................................................4

*Altman v. White House Black Mkt., Inc.*,
   No. 1:15-cv-2451-SCJ, 2016 U.S. Dist. LEXIS 92761 (N.D. Ga. July 13, 2016) ....................8

*Baur v. Veneman*,
   352 F.3d 625 (2d Cir. 2003)................................................................................................5, 6

*Bernal v. NRA Grp., LLC*,
   No. 16 C 1904, 2016 U.S. Dist. LEXIS 116191 (N.D. Ill. Aug. 30, 2016) ............................10

*Booth v. Appstack, Inc.*,
   No. C13-1533JLR, 2016 U.S. Dist. LEXIS 68886 (W.D. Wash. May 24, 2016) ....................9

*Braitberg v. Charter Commc'ns, Inc.*,
   No. 14-1737, 2016 U.S. App. LEXIS 16477 (8th Cir. Sept. 8, 2016) .....................................9

*Broderick v. 119TCbay, LLC*,
   670 F. Supp. 2d 612 (W.D. Mich. 2009) ................................................................................3

*Caudill v. Wells Fargo Home Mortg., Inc.*,
   No. 5:16-cv-066-DCR, 2016 U.S. Dist. LEXIS 89136 (E.D. Ky. July 11, 2016) ....................9

*Church v. Accretive Health, Inc.*,
   No. 15-15708, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016) .................................10

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006)....................................................................................................6

*Dolan v. Select Portfolio Servicing*,
   No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201 (E.D.N.Y. Aug. 2,
   2016) ......................................................................................................................................7

*Engel v. Scully & Scully, Inc.*,
   279 F.R.D. 117 (S.D.N.Y. 2011) ............................................................................................9

*Guarisma v. Microsoft Corp.*,
   No. 15-24326-CIV-ALTONAGA, 2016 U.S. Dist. LEXIS 97729 (S.D. Fla. July 26,
   2016) ......................................................................................................................................8

*Irvine v. I.C. Sys., Inc.*,
   No. 14-cv-01329-PAB-KMT, 2016 U.S. Dist. LEXIS 99880 (D. Colo. July 29, 2016).........10

*Jaffe v. Bank of Am., N.A.*,
  No. 13 CV 4866 (VB), 2016 U.S. Dist. LEXIS 92899 (S.D.N.Y. July 15, 2016) ....................7

*Juarez v. Citibank, N.A.*,
  No. 16-cv-01984-WHO, 2016 U.S. Dist. LEXIS 118483 (N.D. Cal. Sept. 1, 2016) ...............9

*Mey v. Got Warranty, Inc.*,
  No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972 (N.D. W. Va. June 30, 2016) .....................9

*Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*,
  710 F.3d 71 (2d Cir. 2013) ..................................................................................................6

*Noble v. Nev. Checker Cab Corp.*,
  No. 2:15-cv-02322-RCJ-VCF, 2016 U.S. Dist. LEXIS 110799 (D. Nev. Aug. 19,
  2016) ....................................................................................................................................8

*Nyberg v. Portfolio Recovery Assocs., LLC*,
  No. 3:15-cv-01175-PK, 2016 U.S. Dist. LEXIS 71897 (D. Or. June 2, 2016) ....................10

*Pavesich v. New England Life Ins. Co.*,
  122 Ga. 190 (1905) ..............................................................................................................4

*Prindle v. Carrington Mortg. Servs., LLC*,
  No. 3:13-cv-13490J-34PDB, 2016 U.S. Dist. LEXIS 108386 (M.D. Fla. Aug. 16,
  2016) ..................................................................................................................................10

*Redman v. Radioshack Corp.*,
  768 F.3d 622 (7th Cir. 2014) ...............................................................................................2

*SEC v. Gibraltar Glob. Secs., Inc.*,
  13 Civ. 2575, 2015 U.S. Dist. LEXIS 43773 (S.D.N.Y. Apr. 1, 2015) .................................4

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................................................................................................ passim

*Ung v. Universal Acceptance Corp.*,
  No. 15-cv-127 (RHK/FLN), 2016 U.S. Dist. LEXIS 102363 (D. Minn. Aug. 3, 2016) ...........9

*Wood v. J Choo USA, Inc.*,
  No. 15-cv-81487-BLOOM/Valle, 2016 U.S. Dist. LEXIS 106029 (S.D. Fla. Aug. 10,
  2016) ....................................................................................................................................8

*Yeager v. Ocwen Loan Servicing, LLC*,
  No. 1:14-cv-117-NHT-PWG, 2016 U.S. Dist. LEXIS 105007 (M.D. Ala. Aug. 8,
  2016) ..................................................................................................................................10

*Zyburo v. NCSPlus, Inc.*,
  44 F. Supp. 3d 500 (S.D.N.Y. 2014) ....................................................................................9

**STATUTES, RULES AND OTHER AUTHORITIES**

47 U.S.C. § 227 ................................................................................................................9

47 U.S.C. § 551(e) ...........................................................................................................9

15 U.S.C. § 1692 ..............................................................................................................9

Fed. R. Civ. P. 12(b)(1) ...................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1

P.L. 241, 121 Stat. 1565, § 2(a)(6) ..................................................................................2

P.L. 241, 121 Stat. 1565, § 2(a)(6)(b) .............................................................................2

Pub. L. No. 108-159, 117 Stat. 1952, 1953 (2003) .........................................................3

Defendant Paris Baguette America, Inc. ("Paris Baguette") respectfully submits this Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff Devorah Cruper-Weinmann's ("Plaintiff") Amended Class Action Complaint ("Amended Complaint") [Doc. 40], with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## **PRELIMINARY STATEMENT**

The determinative issue here is narrow and straightforward. Under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff lacks standing because she asserts a bare procedural Fair and Accurate Credit Transactions Act ("FACTA") violation – the mere printing of a receipt bearing her credit card's expiration date – without also alleging facts establishing that her identity was stolen or that she was subjected to an increased risk of identity theft.

The Supreme Court was quite clear that a plaintiff does ***not*** "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549. Plaintiff strains to avoid the plain application of this principle to her threadbare FACTA claim.

First, Plaintiff ignores that FACTA is an identity theft statute that establishes various procedural requirements, including the truncation rule at issue here, which are procedural means to a substantive end—namely, the prevention of identity theft. Plaintiff erroneously analogizes her FACTA claim to non-FACTA statutory violations, which, unlike FACTA's truncation requirements, constitute the very harms that such non-FACTA statutes are intended to prevent (*e.g.*, an abusive debt collection practice that allegedly violates the FDCPA, the very purpose of which is to prevent abusive debt collection practices).

Just as the Supreme Court effectively recognized that the FCRA is not a zip code

accuracy statute,[1] FACTA is not a receipt truncation statute. The mere printing of a receipt with allegedly flawed truncation does not, by itself, implicate a substantive right granted by Congress.

Second, Plaintiff ignores that the entire basis of her FACTA claim is the allegation that Paris Baguette allegedly failed to truncate her credit card's expiration date on her receipt. Plaintiff's scattershot arguments, which pertain to everything from an ambiguous notion of "privacy rights" to securities law, incorrectly presuppose that she has alleged facts establishing an increased risk of identity theft.

Plaintiff does not, however, allege that her receipt was shown to or accessed by anyone other than her. Indeed, Plaintiff does not allege anything in her Amended Complaint concerning her receipt, other than the fact it was printed and handed to her.

Nor can Plaintiff credibly allege concrete harm. Congress has recognized that dissemination of a credit card expiration date, coupled with a properly truncated credit card number, does not cause concrete harm. *See* 110 P.L. 241, 121 Stat. 1565, §§ 2(a)(6),(b) ("Experts … agree that proper truncation of the card number … regardless of the inclusion of the expiration date, prevents a … fraudster from perpetrating identity theft or credit card fraud."). [2]

Taken together, Plaintiff's positions do not square with *Spokeo*'s distinction between bare procedural violation and those necessarily bearing a nexus with the relevant concrete harm. Plaintiff's assertion of standing is therefore untenable.

---

[1] "[N]ot all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016).

[2] *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014), which Plaintiff cites to support her assertion that the harms caused by printing credit card expiration dates on receipts have not abated since FACTA's enactment, is inapposite. *Redman* does not address Article III standing and pre-dates *Spokeo*.

**ARGUMENT**

**I.     FACTA is an identity theft statute; it is not a "privacy statute."**

Plaintiff's attempts to muddle her numerous admissions that FACTA is an identity theft statute (*see* [Doc. 40 ¶¶ 1, 19, 24, 26]; Pl. Mem. 11), including by inaccurately suggesting FACTA is a privacy statute (*see* Pl. Mem. pp. 9-10), are unconvincing.

> FACTA addresses all aspects of the identity theft problem by, *inter alia*, establishing procedures to alert consumers about fraud and identity theft issues, providing greater access to consumer credit reports, and establishing certain rights for identity theft victims … Truncation of credit card numbers is but one of many FACTA provisions designed to address these issues. Reading the statute as a whole, the importance of protecting consumers from exposure to actual, legitimate risks of identity theft becomes even more pronounced … Congress is not interested in specifying the content of a credit card receipt as part of some abstract, academic exercise. Rather, Congress is interested in preventing the actual harm of real identity theft.

*Broderick v. 119TCbay, LLC*, 670 F. Supp. 2d 612, 619 (W.D. Mich. 2009). *See also* Pub. L. No. 108-159, 117 Stat. 1952, 1953 (2003) (Congress enacted FACTA "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes.").

Plaintiff's argument that she has standing because the "harm emanating from merchants' mistreatment of individuals' private financial information 'has a close relationship to[] harm that has traditionally been regarded as providing a basis for a lawsuit in English [and] American courts, '" (Pl. Mem. 9-10) is based on her erroneous assertion that FACTA is a privacy statute. The cases Plaintiff cites in support of her flawed privacy argument are, accordingly, irrelevant to the issue here—namely, whether Plaintiff has standing to bring her FACTA claim based on a

threadbare allegation of a violation of a procedural truncation requirement divorced from any allegations of concrete harm.[3,4]

Plaintiff's citation to a proposed *amicus* brief filed in the appeal in this matter by a law firm named "Public Justice" (Pl. Mem. p. 9, n. 8), which the Plaintiff claims sets forth a "more through discussion" of "ancient legal concepts" concerning privacy rights, is, in addition to being legally irrelevant, inappropriate. Plaintiff once again failed to disclose that the Second Circuit denied, without prejudice, Public Justice's motion to file its brief [See Doc.38, at p. 3].

Plaintiff's assertion that Paris Baguette "nonsensically argues" that FACTA is "unconnected to privacy rights" (Pl. Mem. p. 10, fn. 9) misses the point.  Congress enacted FACTA to combat identity theft and not to protect unspecified privacy rights.  Therefore, per *Spokeo*, the issue here is Plaintiff's failure to allege identity theft or the increased risk thereof.

Plaintiff's renewed attempt to rely on the DOJ's brief in *Papazian v. Burberry Ltd.*, No. 2:07-cv-01479-GPS-RZ (C.D. Cal. July 24, 2007), also fails.  Plaintiff does not dispute that the DOJ's brief does not constitute congressional intent concerning FACTA (Pl. Mem. p. 13, fn. 13).

## II. Plaintiff does not allege facts establishing identity theft or an increased risk thereof.

Plaintiff presupposes that she has made allegations establishing Paris Baguette's conduct increased the risk that her identity may be stolen.  Tellingly, Plaintiff does not actually point to any specific allegations in her pleading; and that is because she did not make such allegations.

---

[3] *See Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 193 (1905) ("The question, therefore, to be determined is whether an individual has a right of privacy which he can enforce and which the courts will protect against invasion."); *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 726 (S.D.N.Y. 1978) (plaintiff claimed his statutory "right of privacy" and his common law "right of publicity" had been violated").

[4] Plaintiff's reliance on *SEC v. Gibraltar Glob. Secs., Inc.*, 13 Civ. 2575, 2015 U.S. Dist. LEXIS 43773 (S.D.N.Y. Apr. 1, 2015), is particularly misguided. The *Gibraltar* Court explained that, per *Tournier*, the privilege of non-disclosure may vary according to the exact nature of the relationship at issue. *Id*. at *7.

Plaintiff's sparse allegations are precisely the kind, which the Supreme Court found do not confer standing: "a bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Spokeo,* 136 S. Ct. at 1548-49 (2016).

Plaintiff has alleged only a bare procedural FACTA truncation violation, which, by itself, cannot conceivably increase the risk of -- let alone cause -- the harm that FACTA is intended to prevent, *i.e.*, identity theft. Plaintiff merely alleges that Paris Baguette willfully violated FACTA by providing ***her*** with a receipt that contained the expiration date of ***her*** credit card.

Plaintiff ignores that Congress found that the dissemination of a credit card expiration date, coupled with a properly truncated credit card number, does not cause concrete harm [Doc. 47, pp. 12-13]. Moreover, Plaintiff does not even attempt to allege any additional circumstances whatsoever going to the issue of identity theft. Plaintiff does not, for example, allege that Paris Baguette employed practices that left her receipt prone to theft. Plaintiff thus fails to meet the Article III standard for the injury in fact element of standing, as articulated in *Spokeo*.

Plaintiff also makes the erroneous generalization that "under the law of this Circuit, Plaintiff would have Article III standing to sue Paris Baguette for the harm of increased risk of identity theft alone" (Pl. Mem., p. 19). This sweeping assertion misreads the cited authority. Plaintiff cites *Baur v. Veneman*, 352 F.3d 625 (2d Cir. 2003), a case in which a plaintiff petitioned the U.S. Department of Agriculture to take administrative action because of an increased risk that consumers might eat beef affected by "mad cow" disease. The standing determination was narrow. Indeed, when the Second Circuit held that the plaintiff had standing, it stated that was determining standing in "the specific context of food and drug safety suits;" and

it clarified that it was ***not*** deciding whether enhanced risk generally qualifies as sufficient injury to confer standing. *Id.* at 634.[5]

### III. Plaintiff's central argument disregards *Spokeo's* distinction between bare procedural violations and violations inherently connected to the relevant harm.

Plaintiff attempts an end run around *Spokeo's* distinction between bare procedural violations and violations necessarily implicating concrete harm by effectively couching ***all*** FACTA violations as violations of rights intended to prevent identity theft: "the dispositive point here [is that] when a defendant's conduct has violated a right granted to individuals to protect them from a specific, but difficult-to-prove, harm—such as the risk of identity theft—the plaintiff has suffered a concrete injury in fact for Article III purposes" (Pl. Mem. pp. 5-6).

The Supreme Court's zip code example in *Spokeo* exposes Plaintiff's argument as untenable. *Spokeo* involved the FCRA, which Congress enacted to protect consumers from the inclusion of inaccurate information in their credit reports. The Supreme Court found that some FCRA violations do not work concrete harm:

> A violation of one of the FCRA's procedural requirements may result in no harm … not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016).

Under Plaintiff's central argument, the violation of FCRA's requirements applicable to zip codes is a violation of a right granted to individuals to ensure the accuracy of their credit

---

[5] Likewise, *Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71 (2d Cir. 2013) (Pl. Mem., pp. 5, 14, 19) involved a petition for administrative active for the FDA to finalize its regulation of two potentially dangerous chemicals. *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006), also involved the question of standing in a very specific context. In a class action involving claims against professional advisors for improper and fraudulent tax counseling, when finding that the class members had standing, the Second Circuit made no pronouncement that an "increased risk" of harm satisfies Article III in all contexts.

reports.  Accordingly, per Plaintiff's position, the dissemination of an incorrect zip code would, without more, confer standing.  The Supreme Court clearly held otherwise.

Plaintiff's conclusory argument that Paris Baguette's alleged failure to truncate her credit card's expiration date is equivalent to the clouding of title at issue in *Jaffe v. Bank of Am., N.A.*, No. 13 CV 4866 (VB), 2016 U.S. Dist. LEXIS 92899 (S.D.N.Y. July 15, 2016), also shows that she is misapplying *Spokeo*.  In *Jaffe*, the defendant's alleged failure to timely file mortgage satisfaction notices necessarily caused the relevant concrete harm:  "Because to the public, these mortgages appeared not to have been satisfied, plaintiffs could have realized that harm if they had, for example, tried to sell or encumber the subject property, or tried to finance another property and been subjected to a credit check." *Id.* at *5-6, 9-12.  Here, by contrast, the mere printing of a receipt showing an expiration date does not necessarily cause Plaintiff any harm.

Plaintiff's argument concerning *Dolan v. Select Portfolio Servicing*, No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201 (E.D.N.Y. Aug. 2, 2016), likewise shows a complete disregard for the Supreme Court's findings about bare procedural violations.  Plaintiff asserts that her claim is analogous to the RESPA § 2607 claim, for which Judge Chen found standing existed, because RESPA § 2607 and FACTA both impose a "flat-rule," the violation of which automatically confer standing (Pl. Mem. pp. 22-23).

Plaintiff's argument is not credible.  Even the zip code example from *Spokeo* itself can be characterized as the violation of a "flat-rule"; but that does not render it sufficient for standing purposes.

The relevant inquiry here is not whether FACTA contains a flat rule requiring certain truncations, but rather whether the violation of the truncation rule at issue here, without

additional allegations, establishes the concrete harm element of standing. Plaintiff's bare allegation of an improper expiration date truncation, without more, does not establish any harm.

### IV. Plaintiff presents a flawed, incomplete picture of post-*Spokeo* FACTA cases.

Plaintiff's failure to give effect to the Supreme Court's distinction between bare procedural violations and violations necessarily connected to concrete harm permeates Plaintiff's flawed attempts to distinguish cases cited by Paris Baguette and Plaintiff's reliance on inapposite, non-binding FACTA cases.

Plaintiff incorrectly suggests that there are no post-*Spokeo* FACTA cases finding that the plaintiff lacks standing. Plaintiff is wrong. *See Noble v. Nev. Checker Cab Corp.*, No. 2:15-cv-02322-RCJ-VCF, 2016 U.S. Dist. LEXIS 110799, at *9 (D. Nev. Aug. 19, 2016) ("Plaintiffs have no standing to complain of the putative technical violations of the statute alleged here, because the putative violations created no 'concrete' harm of the type sought to be prevented by Congress, and Plaintiffs have not separately alleged any actual harm, i.e., they have not alleged any resulting credit card fraud." (citing *Spokeo*)).

Plaintiff also improperly relies on a line of non-binding 11th Circuit cases, which incorrectly treat FACTA's truncation requirements as an end rather than a procedural means to an end.[6] Each of these cases improperly relies in part on the Eighth Circuit's opinion in *Hammer v. Sam's East, Inc.*, which held that "Congress gave consumers the legal right to obtain a receipt at the point of sale showing no more than the last five digits of the consumer's credit or debit card number." 754 F.3d 492, 498 (8th Cir. 2014) (emphasis added). The Eighth Circuit recently

---

[6] *See Flaum v. Doctor's Assocs., Inc. d/b/a Subway*, No. 16-cv-61198-ALTONAGA/O'Sullivan, ECF No. 27 (S.D. Fla. Aug. 29, 2016) (finding Congress created a substantive legal right for card-holding consumers to receive properly truncated receipts); *Wood v. J Choo USA, Inc.*, No. 15-cv-81487-BLOOM/Valle, 2016 U.S. Dist. LEXIS 106029 (S.D. Fla. Aug. 10, 2016) (same); *Altman v. White House Black Mkt., Inc.*, No. 1:15-cv-2451-SCJ, 2016 U.S. Dist. LEXIS 92761, at *14 (N.D. Ga. July 13, 2016) (same); *Guarisma v. Microsoft Corp.*, No. 15-24326-CIV-ALTONAGA, 2016 U.S. Dist. LEXIS 97729, at *7 (S.D. Fla. July 26, 2016) (same).

overruled *Hammer*, holding: "In *Spokeo*, however, the Supreme Court rejected this absolute view and superseded our precedent in Hammer." *Braitberg v. Charter Commc'ns, Inc.*, No. 14-1737, 2016 U.S. App. LEXIS 16477, at *9 (8th Cir. Sept. 8, 2016).[7]

Plaintiff's reliance on *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 121 (S.D.N.Y. 2011), is misplaced. Engel predates *Spokeo* and involved the defendant's alleged printing of a receipt displaying all sixteen digits of the plaintiff's credit card number and expiration date. The relevant issue here is that, per *Spokeo*, Paris Baguette's printing of a receipt showing Plaintiff's credit card's expiration date, without more, is insufficient to confer standing.

## V. Plaintiff relies on inapposite, non-FACTA case law.

Interspersed throughout Plaintiff's Memorandum of Law are citations to non-FACTA cases (both post-*Spokeo* and pre-*Spokeo*), which Plaintiff submits support her standing to bring a FACTA claim. Plaintiff does not explain why cases involving violations of other statutes support her position with respect to FACTA.

Indeed, in the cases which Plaintiff cites, there was a straight line between the statutory violations alleged and the harm alleged. For example, Plaintiff points to many cases involving claims under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 (Pl. Mem. at 8)[8] and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

---

[7] *Braitberg*, cited in Plaintiff's memorandum of law, supports Paris Baguette's arguments. In *Braitberg*, the Eight Circuit held that a plaintiff alleging the defendant cable company retained his personal information in violation of the Cable Communications Policy Act, 47 U.S.C. § 551(e) (the "Cable Act"), did **not** have standing because the plaintiff alleged only "a bare procedural violation [of the Cable Act] divorced from any concrete harm." *Braitberg*. 2016 U.S. App. Lexis, at *11. The Eighth Circuit noted that the plaintiff did not allege that the defendant disclosed his information to any third party, that any outside party accessed the data, or that the defendant used the information in any way, and that "a speculative or hypothetical risk is insignificant." *Id.*

[8] *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2016 U.S. Dist. LEXIS 68886 (W.D. Wash. May 24, 2016); *Caudill v. Wells Fargo Home Mortg., Inc.*, No. 5:16-cv-066-DCR, 2016 U.S. Dist. LEXIS 89136 (E.D. Ky. July 11, 2016); *Juarez v. Citibank, N.A.*, No. 16-cv-01984-WHO, 2016 U.S. Dist. LEXIS 118483 (N.D. Cal. Sept. 1, 2016); *Zyburo v. NCSPlus, Inc.*, 44 F. Supp. 3d 500 (S.D.N.Y. 2014); *Ung v. Universal Acceptance Corp.*, No. 15-cv-127 (RHK/FLN), 2016 U.S. Dist. LEXIS 102363 (D. Minn. Aug. 3, 2016); *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972 (N.D. W. Va. June 30, 2016).

(Pl. Mem. at 15-16).[9]  These cases involved straightforward TCPA violations where a plaintiff alleged that he or she received an unwanted telephone call or FDCPA violations where the plaintiff alleged that he or she received a deceptive communication from a debt collector.  Unlike the violations of provisions in the TCPA addressing unwanted telephone calls and provisions in the FDCPA addressing deceptive debt collection practices alleged in those cases, the act of printing and handing someone their own partially-compliant credit card receipt in and of itself does ***not*** result in identity theft or an increased risk of identity theft.

## VI.  Plaintiff's request to strike is procedurally improper and inaccurate.

Plaintiff's request that the Court strike Paris Baguette's brief to the extent it addresses whether Plaintiff has stated a claim, should be denied.  Paris Baguette did not reargue its 12(b)(6) motion. Rather, due to the unique procedural posture of this motion, Paris Baguette appropriately requested/s that the Court reinstate its Orders dismissing Plaintiff's claims with prejudice.

Plaintiff's request to strike is also procedurally deficient.  Plaintiff failed to file a notice of motion or any of the other papers required under the Local Rules.  *See* LR 7.1.

## CONCLUSION

Paris Baguette respectfully requests that its Motion be granted in all respects because Plaintiff lacks Article III standing and her Amended Complaint fails to state a claim.

---

[9] *Church v. Accretive Health, Inc*., No. 15-15708, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016); *Nyberg v. Portfolio Recovery Assocs., LLC*, No. 3:15-cv-01175-PK, 2016 U.S. Dist. LEXIS 71897 (D. Or. June 2, 2016); *Yeager v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-117-NHT-PWG, 2016 U.S. Dist. LEXIS 105007 (M.D. Ala. Aug. 8, 2016); *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-cv-13490J-34PDB, 2016 U.S. Dist. LEXIS 108386 (M.D. Fla. Aug. 16, 2016); *Bernal v. NRA Grp., LLC*, No. 16 C 1904, 2016 U.S. Dist. LEXIS 116191 (N.D. Ill. Aug. 30, 2016); *Irvine v. I.C. Sys., Inc.*, No. 14-cv-01329-PAB-KMT, 2016 U.S. Dist. LEXIS 99880 (D. Colo. July 29, 2016).

Dated: New York, New York.
       September 20, 2016

Respectfully submitted,

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022

By: *s/ Bennet J. Moskowitz*
    Joshua A. Berman
    Bennet J. Moskowitz
    Eric L. Unis

*Attorneys for Defendant Paris Baguette America, Inc. d/b/a Paris Baguette*