ERIC L. UNIS
212.704.6482 telephone
212.704.5982 facsimile
eric.unis@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
875 Third Avenue
New York, New York 10022
212.704.6000 telephone
troutmansanders.com

October 12, 2016

**Via ECF**
Hon. Jed S. Rakoff
Unites States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007

Re:   *Crupar-Weinmann v. Paris Baguette America, Inc.*, 13-cv-7013-JSR

Dear Judge Rakoff,

     We represent defendant Paris Baguette America, Inc. in the above-referenced action and write to submit additional authority in support of Paris Baguette's pending motion to dismiss. The attached Order very recently entered in *Thompson v. Rally House of Kansas City, Inc.*, Case No. 15-00886-CV-W-GF (W.D. Mo. Oct. 6, 2016) is consistent with Paris Baguette's arguments regarding plaintiff's lack of standing in this case.

     We thank the Court for its consideration.

Respectfully submitted,

Eric L. Unis

Attachment

cc:  Counsel of Record (via ECF)

ATLANTA    BEIJING    CHARLOTTE    CHICAGO    HONG KONG    NEW YORK    ORANGE COUNTY    PORTLAND
RALEIGH    RICHMOND    SAN DIEGO    SHANGHAI    TYSONS CORNER    VIRGINIA BEACH    WASHINGTON, DC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANIEL H. THOMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RALLY HOUSE OF KANSAS CITY, INC. and RALLY HOUSE STORES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 15-00886-CV-W-GAF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Presently before the Court is Defendants Rally House of Kansas City, Inc. and Rally House Stores, Inc.'s (collectively "Defendants") Motion to Dismiss Complaint. (Doc. # 32). Defendants contend the Court lacks subject matter jurisdiction over Plaintiff Daniel H. Thompson's ("Plaintiff") claim in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S. Ct. 1540 (2016). (*Id.*). Plaintiff opposes. (Doc. # 39). For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

## DISCUSSION

### I.   BACKGROUND[1]

Defendants operate numerous retail stores located in Missouri, Kansas, Kentucky, Michigan, New Jersey, Ohio, Pennsylvania, and Texas, and operate the store located at 452 Ward Parkway, Kansas City, Missouri 64112. As payment for merchandise purchased by customers at their stores, Defendants accept VISA, MasterCard, and Discover credit and debit

---

[1] All factual allegations are taken from Plaintiff's Petition (Doc. # 1-1) unless otherwise noted.

1

cards and American Express credit cards. Defendants use cash registers and/or other machines and devices to electronically print receipts for purchases made with a credit or debit card.

On May 16, 2015, Plaintiff used his American Express credit card to make a purchase at Defendants' store at 452 Ward Parkway, Kansas City, Missouri 64112. At the completion of his purchase, Plaintiff received a computer-generated cash register receipt that published more than the last five digits of Plaintiff's credit card number. Rather, the customer copy published the first six and the last four digits of Plaintiff's credit card number, for a total of ten digits.

The Fair and Accurate Credit Transactions Act ("FACTA") specifically requires merchants to truncate credit and debit card numbers to no more than the last five digits and prohibits the printing of expiration dates on customer receipts effective July 1, 2006. Banks, credit card companies, credit card associations, and business associations, as well as companies that sell cash registers and other devices for the processing of credit and debit card payments, have informed merchants, including Defendants, about FACTA and explicitly instructed these merchants to comply with the same by contract and through bulletins. Plaintiff alleges that, through these methods of notification, Defendants knew, before and at the time of the alleged FACTA violation identified in the Petition, of their obligations under FACTA and the importance of the truncation requirements. Despite knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendants must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendants allegedly disregarded FACTA's requirements and electronically printed receipts which violated FACTA's truncation requirement at their Ward Parkway location and at other retail locations throughout the class period.

Plaintiff seeks only statutory damages, along with costs and attorneys' fees, in his prayer for relief. Plaintiff does not allege he suffered any actual harm as a result of the improper receipt received from Defendants. He does not allege the receipt was ever seen by anyone besides himself and Defendants' employee handling the transaction. The receipt was not lost or otherwise missing from Plaintiff's possession at any time.

On January 25, 2016, the Court entered an order dismissing Plaintiff's Missouri Merchandising Practices Act claim and denying Defendants' Motion to Dismiss for failure to state a claim for relief. (Doc. # 23). Instead, the Court stayed the proceedings pending the Supreme Court's decision in *Spokeo*. (*Id.*). The Court lifted the stay on June 7, 2016, following the issuance of the decision. (Doc. # 29). Thereafter, Defendants filed the instant Motion to Dismiss for lack of subject matter jurisdiction. (Doc. # 32).

II. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss a complaint if it lacks subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A Rule 12(b)(1) motion may be raised as either a facial challenge or a factual challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial challenge is based solely on the face of the pleadings whereas a factual challenge considers matters outside the pleadings. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Here, Defendants challenge the Petition on its face. (*See* Doc. # 33). When considering a facial attack, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quotation omitted). The court must accept all well-pleaded facts as true, but need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

*Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The burden to prove jurisdiction exists rests with the plaintiff. *Osborn*, 918 F.2d at 730.

### III.   ANALYSIS

In 2003, FACTA was enacted as an amendment to the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et seq*. FACTA prohibits retailers who accept credit or debit cards from "print[ing] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." § 1681c(g)(1). In enacting FACTA, Congress was attempting to combat identity theft by reducing the personal data printed on credit and debit card receipts. Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108–159, 117 Stat. 1952 (2003); S. Rep. No. 108–166, at 13 (2003). Those violating FACTA may be liable under the FCRA. *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 711 (9th Cir. 2010) ("FACTA incorporates the [FCRA] statutory damages provision"). Under the FCRA, a plaintiff may recover actual damages resulting from a negligent violation, *see* 15 U.S.C. § 1681*o*(a) or actual, statutory, and/or punitive damages for a willful violation. *See* 15 U.S.C. § 1681n(a).

Here, Defendants allegedly provided Plaintiff with an electronically printed receipt that showed the first six and last four digits of Plaintiff's credit card number, a clear violation of the statute. If true, Defendants conduct has no basis in statutory text and is therefore objectively unreasonable. *See, e.g., Buechler v. Keyco, Inc.*, No. WDQ-09-2948, 2010 WL 1664226, at *2 (D. Md. Apr. 22, 2010); *compare with Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 50 (2007) (holding company's conduct was in accord with an interpretation that had foundation in the statutory text and thus was not objectively unreasonable); *Van Straaten v. Shell Oil Prods. Co. LLC*, 678 F.3d 486, 490-91 (7th Cir. 2012) (applying *Safeco* to conclude it was not an

objectively unreasonable interpretation of § 1681c(g) to print the last four digits of the account number). However, Plaintiff must have Article III standing to maintain his claim. Defendants argue Plaintiff does not meet the requirements for Article III standing, and therefore, his claim must be dismissed for lack of jurisdiction. (*See* Doc. # 32).

A plaintiff has Article III standing to bring suit where he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujans v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). The party invoking federal jurisdiction has the burden of demonstrating each element. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

To establish the injury in fact element, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujans*, 504 U.S. at 560). In *Spokeo*, the Supreme Court addressed "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Questions Presented, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S.), *available at* http://www.supremecourt.gov/qp/13-01339qp.pdf. The plaintiff in *Spokeo* alleged, on behalf of himself and others similarly situated, the defendant violated the FCRA by gathering and disseminating incorrect information about the plaintiff. *Spokeo*, 136 S. Ct. at 1544. The district

5

court concluded the plaintiff lacked standing. *Id.* The Ninth Circuit held that the plaintiff had adequately alleged an injury in fact and reversed, noting the plaintiff alleged his statutory rights were violated and he had a personal interest in the handling of his credit information. *Id.* at 1544-45. The Supreme Court concluded the Ninth Circuit's analysis was "incomplete" because it only addressed whether the plaintiff's claim was particularized and failed to address whether it was concrete. *Id.* at 1545. The Court vacated the Ninth Circuit's decision and remanded for consideration of "*both* aspects of the injury-in-fact requirement." *Id.* (emphasis in original).

In reaching its decision, the Supreme Court reiterated that "'Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at 1547-48 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997). The Court further reiterated that an injury in fact "must be both concrete *and* particularized" and "[a] concrete injury must be *de facto*; that is, it must actually exist." *Id.* at 1548 (quotation omitted). The Court stated, however, that "'concrete' is not . . . necessarily synonymous with 'tangible,'" noting intangible injuries can be concrete. *Id.* at 1549. To determine whether an intangible harm constitutes an injury in fact, courts are advised to consider both history and the judgment of Congress. *Id.* If the "alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," then it may satisfy the injury in fact requirement. *Id.* Additionally, "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujans*, 504 U.S. 578).

But, the Court cautioned, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate

6

that right." *Id.* A plaintiff must allege more than "a bare procedural violation" to satisfy Article III's injury in fact requirement. *Id.* The risk of real harm can in some circumstances propel a bare procedural violation into a concrete injury, giving the plaintiff standing. *Id.* at 1549-50.

Prior to *Spokeo*, the Eighth Circuit decided *Hammer v. Sam's East, Inc.*, 754 F.3d 492 (8th Cir. 2014), *abrogation recognized by Braitberg v. Charter Communications, Inc.*, --F.3d--, 2016 WL 4698283 (8th Cir. Sept. 8, 2016). In *Hammer*, a majority of the Eighth Circuit panel held that "Congress gave consumers the legal right to obtain a receipt at the point of sale showing no more than the last five digits of the consumer's credit or debit card number." *Hammer*, 754 F.3d at 498. Quoting *Warth*, the majority stated that "'[t]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing.'" *Id.* (quoting *Warth*, 422 U.S. at 500). The majority reasoned that the invasion of this statutory right constituted the "actual injury" element of the injury in fact requirement. *Id.* at 498-99. The majority deemed the claim particularized because the plaintiffs alleged a violation of "*his* statutory rights." *Id.* at 499 (emphasis in original). Plaintiff relies on *Hammer* and cases citing it with favor in his opposition to the pending Motion to Dismiss. (Doc. # 39, pp. 11-14).

However, the Eighth Circuit recently recognized that *Spokeo* superseded *Hammer* by rejecting the "absolute view" that "'the actual-injury requirement may be satisfied solely by the invasion of a legal right that Congress created.'" *Braitberg*, 2016 WL 4698283, at *4 (emphasis omitted) (quoting *Hammer*, 754 F.3d at 498); *see also Jackson v. Abendroth & Russell, P.C.*, --F. Supp. 3d--, 2016 WL 4942074, at *7 (S.D. Iowa Sept. 12, 2016). In *Braitberg*, the plaintiff alleged that the defendant, a cable provider, had retained his personally identifiable information, such as his address, telephone number, and social security number, after he canceled the cable

7

services. *Id.* at *1. The retention of this information purportedly violated the Cable Communications Policy Act, 47 U.S.C. § 551(e), which provides that "'[a] cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information [by the subscriber] or pursuant to a court order.'" *Id.* (quoting 47 U.S.C. § 551(e)). The plaintiff alleged he was injured by the defendant's failure to destroy his personally identifiable information by purportedly invading his federally protected privacy rights. *Id.*

Citing to *Spokeo*, the Eighth Circuit concluded the plaintiff had not alleged an injury in fact. *Id.* at *4. The Eighth Circuit emphasized the plaintiff alleged only a violation of "a duty to destroy personally identifiable information by retaining certain information longer than the company should have kept it." *Id.* The plaintiff did not allege that the information had been disclosed to a third party, that an outside party accessed the data, or that the information was used in any way. *Id.* Nor did the plaintiff identify any "material risk of harm from the retention." *Id.* Therefore, the Eighth Circuit determined he alleged only "'a bare procedural violation, divorced from any concrete harm.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).[2]

Here, Plaintiff argues he has suffered two concrete harms: (1) a violation of his privacy interest, and (2) a risk of identity theft. (Doc. # 39, pp. 16-17). But, Plaintiff has not sufficiently

---

[2] Because of the developing law regarding the *Spokeo* standard, the Court allowed the parties to submit case law relevant to Article III standing but issued after briefing on this Motion concluded. In one of these filings, Plaintiff argues *Braitberg* did not overrule *Hammer*, citing to *American Farm Bureau Federation v. U.S. Environmental Protection Agency*, --F.3d--, 2016 WL 4709117 (8th Cir. Sept. 9, 2016). (Doc. # 52). *American Farm Bureau* does not cite *Spokeo*, *Hammer*, or *Braitberg* in its discussion of an association's standing to bring suit on behalf of its members, nor anywhere else in the decision. *See, generally, Am. Farm Bureau*, 2016 WL 4709117. Contrast this with *Braitberg*, which expressly states that *Spokeo* superseded Eighth Circuit precedent in *Hammer*. The Court finds Plaintiff's argument somewhat perplexing given the language in *Braitberg* and lack of relevant citations in *American Farm Bureau* and disagrees with Plaintiff's analysis of the two cases.

8

pled either alleged harms are concrete in light of *Spokeo* and *Braitberg*. Divorced from the statutory violation, Plaintiff has not and cannot allege his personal credit card information has been exposed generally or that he faces an imminent risk of identity theft. Plaintiff has not alleged his receipt from Defendants was "ever at risk of exposure to would-be identity thieves" or left his possession. *Hammer*, 754 F.3d at 504 (Riley, C.J. dissenting). Further, Plaintiff has not alleged he "suffered so much as a sleepless night or any other psychological harm" and has not claimed to "have undertaken costly and burdensome measures to protect [himself] from the risk [he] supposedly face[s]." *Id.* (internal quotation omitted). There is no real risk of harm as the improper receipt has only been in Plaintiff's possession since receiving it from Defendants. In other words, Plaintiff alleges only a mere violation of FACTA without any actual or imminent, concrete harm.

Plaintiff has also argued that substantive violations of a statute should be treated differently than procedural violations and that the violation in this case is a substantive one. (Doc. # 39, p. 9). Given that *Spokeo* and *Braitberg* both use the phrase "bare *procedural* violation" rather than "bare *statutory* violation," there is some appeal in that argument. *See Spokeo*, 136 S. Ct. at 1550; *Braitberg*, 2016 WL 4698283, at *4. However, the Eighth Circuit explicitly stated its precedent in *Hammer* was superseded by *Spokeo*. It follows that claims with mostly identical allegations to *Hammer* can no longer survive a challenge to Article III standing. Like *Hammer*, Plaintiff has alleged a mere violation of FACTA for the printing of more than the last five digits of the credit card number without any concrete harm. Consequently, the Court concludes Plaintiff does not have an injury in fact.

The Court acknowledges its decision is not in line with other post-*Spokeo* cases examining whether a bare FACTA violation with no allegation of concrete harm is sufficient for

Article III standing. *See Wood v. J Choo USA, Inc.*, -- F. Supp. 3d --, 2016 WL 4249953 (S.D. Fla. Aug. 11, 2016) (plaintiff had standing to bring claim for FACTA violation); *Guarisma v. Microsoft Corp.*, -- F. Supp. 3d --, 2016 WL 4017196 (S.D. Fla. July 26, 2016) (same); *Altman v. White House Black Mkt., Inc.*, No. 1:15-CV-2451-SCJ, 2016 WL 3946780, at *4 (N.D. Ga. July 13, 2016) (same). However, these cases relied in part on *Hammer*, and, as discussed above, the Eighth Circuit has stated that *Spokeo* superseded *Hammer*. *Braitberg*, 2016 WL 4698283, at *4. This Court is bound by the decision in *Braitberg* and is not persuaded to depart from its holding.

## CONCLUSION

Plaintiff has only alleged a violation of FACTA without any concrete, actual harm. In light of *Spokeo* and *Braitberg*, Plaintiff does not meet the injury in fact requirement for Article III standing. Accordingly, for these reasons and the reasons set forth above, Defendant's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

                                                    s/ Gary A. Fenner
                                                    GARY A. FENNER, JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED: October 6, 2016